# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **CARSON BLOCK,**<br><br>　　　　　**Plaintiff**,<br><br>v.<br><br>**U.S. SECURITIES AND EXCHANGE COMMISSION,**<br><br>　　　　　**Defendant**. | Civil Action No.<br>1:22 cv-1314 |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

John Courtade (TX Bar No. 04891200)
8805 Wildridge Drive
Austin, TX  78759
Tel:　　(512) 502-1135
Fax:　　(512) 502-1138
Email:　johncourtade@johncourtade.com

Thomas R. Burke (*pro hac vice forthcoming*)
Megan C. Amaris (*pro hac vice forthcoming*)
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, CA  94111
Tel:　　(415) 276-6500
Fax:　　(415) 276-6599
Email:　thomasburke@dwt.com
　　　　meganamaris@dwt.com

*Attorneys for Plaintiff*
*CARSON BLOCK*

## INTRODUCTION

1. Plaintiff Carson Block brings this action under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.*, as amended ("FOIA"), to enjoin the U.S. Securities and Exchange Commission (the "SEC") from continuing to improperly withhold agency records that are responsive to a FOIA Request sent by Mr. Block on May 13, 2022, seeking documents concerning communications between the SEC and relevant third-parties (the "FOIA Request"), and to require the SEC to promptly disclose the records sought by the FOIA Request. The SEC is in violation of its duties under FOIA, and its months' long delay and denial of Mr. Block's FOIA Request is improper. This lawsuit is necessary because, despite the FOIA Request propounded by Mr. Block, the SEC has failed to comply with its obligations under FOIA and continues to withhold responsive documents in defiance of FOIA mandates.

2. The Freedom of Information Act "focuses on the citizens' right to be informed about 'what their government is up to,'" by requiring the release of "[o]fficial information that sheds light on an agency's performance of its statutory duties." *DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 750, 773 (1989) (citation omitted). "[D]isclosure, not secrecy, is the dominant objective" of FOIA. *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (internal quotation marks and citations omitted).

## PARTIES

3. Plaintiff Carson Block is a resident of Austin, Texas.

4. Defendant U.S. Securities and Exchange Commission is an agent of the federal government within the meaning of 5 U.S.C. § 552(f). Mr. Block is informed and believes that the SEC has custody and control of the records sought by the FOIA Requests.

**CARSON BLOCK v. SEC — Complaint**

## JURISDICTION & VENUE

5. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a) and 2202. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## FACTUAL ALLEGATIONS

6. On May 13, 2022, Mr. Block submitted his FOIA Request to the SEC, and requested access to and copies of the following records:

> a. All email correspondence sent to, from or copied between any SEC email addresses used within the U.S. Securities and Exchange Commission and any of the following: Marc Cohodes, Joshua Mitts, Marlon Paz, or M. Analytics, or anyone using the domain "@mofo.com" from January 1, 2018, to the present.
>
> b. Any documents or communications, including but not limited to correspondence, email, contracts, and invoices, relating to consulting services provided by Joshua Mitts and/or M. Analytics from January 1, 2018 to the present.

A true and correct copy of Mr. Block's FOIA Request is attached as **Exhibit A**.

7. The SEC assigned separate tracking numbers for each prong of Mr. Block's FOIA Request: Tracking No. 22-01904-FOIA to section (a) and Tracking No. 22-01905-FOIA to section (b).

### No. 22-01904-FOIA

8. On May 16, 2022, the SEC acknowledged receipt of the first prong of Mr. Block's FOIA Request and assigned it Tracking No. 22-01904-FOIA (the "First Request"). A true and correct copy of the SEC's letter acknowledging receipt of the First Request is attached as **Exhibit B**.

9. On June 30, 2022, Warren E. Jackson—Lead Research Specialist with the SEC's Office of FOIA Services—sent an email to Thomas R. Burke—counsel for Mr. Block—requesting additional information for the SEC's determination of the First Request. Specifically, Mr. Jackson requested additional emails, keywords, and search terms. That same day, Mr. Burke responded and provided additional names and email addresses.

10. On July 1, 2022, Carrie Hyde-Michaels—FOIA Branch Chief with the SEC—sent another email to Mr. Burke requesting clarification as to whether the additional names and email addresses should be treated as a new FOIA request. That same day, Mr. Burke responded, stating that Mr. Block deferred to the SEC's determination regarding whether the additional information needed to be treated as a new FOIA request.

11. A true and correct copy of Mr. Burke's email exchange with the SEC is attached as **Exhibit C**.

12. To date, Mr. Block has not received any additional communications from the SEC regarding the First Request.

13. Mr. Block is informed and believes that the SEC has custody and control of the records sought by the FOIA Request. Mr. Block has possession of email correspondence between himself, Joshua Mitts, and Robert J. Jackson, Jr.—then-commissioner of the SEC. This email correspondence is responsive to the First Request and the SEC necessarily must have responsive documents which it has not produced. A true and correct copy of the email correspondence between Mr. Jackson, Mr. Mitts, and Mr. Block is attached as **Exhibit D**.

14. Mr. Block is also informed and believes that Mr. Mitts has repeated contact and communications with individuals within the SEC. Specifically, Mr. Block is informed and believes that Mr. Mitts has submitted petitions for rulemaking to the SEC, has presented to staff

members within the SEC, and has been retained by companies to lobby the SEC. The SEC must have documents and records evidencing these contacts and communications. Such records would fall within the scope of the FOIA Request.

15.     More than 20 working days have elapsed since the SEC received the First Request. Because the SEC has not complied with the statutory time limits set forth under FOIA, Mr. Block's administrative remedies relating to the First Request is considered exhausted under 5 U.S.C. § 522(a)(6)(C)(i).

### No. 22-01905-FOIA

16.     On May 16, 2022, the SEC acknowledged receipt of the second prong of Mr. Block's FOIA Request and assigned it Tracking No. 22-01904-FOIA (the "Second Request"). A true and correct copy of the SEC's letter acknowledging receipt of the First Request is attached as **Exhibit E**.

17.     On June 1, 2022, the SEC stated that it did not have any documents or records responsive to the Second Request:

> Based on the information you provided in your letter, we conducted a thorough search of the SEC's various systems of records and consulted with SEC staff, but did not locate or identify any information responsive to your request.

A true and correct copy of the SEC's letter is attached as **Exhibit F**.

18.     On August 26, 2022, Mr. Block timely appealed the initial determination to the SEC. A true and correct copy of the appeal letter is attached as **Exhibit G**.

19.     On September 6, 2022, the SEC denied Mr. Block's appeal, under assigned appeal no. 22-00540-APPS. The denial letter stated that the SEC did not have responsive documents and that its search was reasonably calculated to locate any responsive documents or information:

**CARSON BLOCK v. SEC — Complaint**

> On appeal, you refer to communications that do not come within the FOIA Office's reasonable interpretation of "consulting services": rule proposals that Professor Mitts submitted to the SEC and a presentation to the SEC. The article you cite regarding Professor Mitts' presentation to the SEC states that he was "advising several companies that have met with" the SEC, indicating he was advocating for companies, not providing consulting services to the SEC. Accordingly, I find that the SEC's search for responsive records was reasonably calculated to locate the requested records and information.

A true and correct copy of the SEC's denial letter is attached as **Exhibit H**.[1]

### FIRST CAUSE OF ACTION
### (Violation of FOIA)

20. Plaintiff realleges and reincorporates the allegations in the foregoing paragraphs as thought fully set forth herein.

21. The SEC has a legal duty under FOIA to determine whether to comply with a request within 20 working days after receiving the FOIA Request. The SEC also has a legal duty to timely notify the requester of the agency's determination and the reasons therefore.

22. Mr. Block has a legal right under FOIA to obtain the agency records he requested in his FOIA Request. There is no legal basis for the SEC's failure to timely respond to his FOIA Request or to provide all records responsive to the FOIA Request to Mr. Block.

23. The SEC has violated 5 U.S.C. § 552(a)(6)(A)–(B) and applicable regulations promulgated thereunder by failing to determine whether to comply with the FOIA Request and communicate such determination to Mr. Block within 20 working days.

24. The SEC has also violated 5 U.S.C. § 552(a)(3)(A) by failing to timely release agency records in response to the FOIA Request.

---

[1] Mr. Block does not challenge the SEC's determination of the Second Request.

**CARSON BLOCK v. SEC — Complaint**

25.     5 U.S.C. § 552(a)(4)(B) authorizes the grant of injunctive relief to Mr. Block because the SEC continues to flout FOIA and improperly withhold agency records.

26.     28 U.S.C. § 2201 authorizes declaratory relief because an actual and justiciable controversy exists regarding the SEC's improper withholding agency records in violation of FOIA.

## PRAYER OF RELIEF

WHEREFORE, Plaintiff requests that the Court award the following relief:

a.  Declare that the SEC violated FOIA in its response to Mr. Block's FOIA Requests;

b.  Order the SEC to conduct a search for all records responsive to the FOIA Requests, employing search methods reasonably likely to lead to discovery of records responsive to the FOIA Requests;

c.  Order the SEC to produce, by a date certain, all nonexempt records and portions of records responsive to the FOIA Requests.

d.  Award to Plaintiff his attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

e.  Grant Plaintiff such further relief as the Court may deem just and proper.

Dated: December 14, 2022

Respectfully submitted,

*/s/ John Courtade*
John Courtade (TX Bar No. 04891200)
8805 Wildridge Drive
Austin, TX  78759
Tel:    (512) 502-1135
Fax:    (512) 502-1138
Email:  johncourtade@johncourtade.com

**CARSON BLOCK v. SEC — Complaint**

Thomas R. Burke (*pro hac vice forthcoming*)
Megan C. Amaris (*pro hac vice forthcoming*)
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, CA  94111
Tel: (415) 276-6500
Fax: (415) 276-6599
Email: thomasburke@dwt.com
meganamaris@dwt.com

*Attorneys for Plaintiff*
*CARSON BLOCK*

**CARSON BLOCK v. SEC — Complaint**