IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **CARSON BLOCK,** | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 1:22-cv-1314 |
| **U.S. SECURITIES AND EXCHANGE COMMISSION,** | § § § § | |
| *Defendant.* | § § | |

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant the United States Securities and Exchange Commission files this Answer to Plaintiff's Complaint for Injunctive and Declaratory Relief.

### Introduction

1. The allegations in Paragraph 1 constitute legal conclusions and argument to which no response is required. To the extent a response is required, Defendant denies that it is improperly withholding responsive agency records, that it is in violation of, or has failed to comply with, its duties or obligations under the Freedom of Information Act, 5 U.S.C. § 552 et seq., as amended ("FOIA"), that its treatment of Plaintiff's FOIA request has been improper, or that it has acted or is acting in defiance of FOIA mandates.

2. The allegations contained in Paragraph 2 constitute legal conclusions and argument, to which no response is required. The cited materials speak for themselves.

### Parties

3. Defendant lacks knowledge or information sufficient to admit or deny the allegation contained in Paragraph 3.

4. As to the allegations contained in the first sentence of Paragraph 4, Defendant admits that it is "an agen[cy] of the federal government"; the remainder of the sentence constitutes a legal conclusion, to which no response is required. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in the second sentence of Paragraph 4.

## Jurisdiction & Venue

5. The allegations contained in Paragraph 5 constitute legal conclusions relating to jurisdiction and venue, to which no response is required.

## Factual Allegations

6. Defendant admits that Complaint Exhibit A is a copy of a letter from Thomas R. Burke dated May 13, 2022, containing subject line "Freedom of Information Act Request" in which information was requested on behalf of Plaintiff (the "FOIA Request"). Defendant admits that Plaintiff's FOIA Request sought access to certain agency records. The Court is respectfully referred to a copy of that request for a complete and accurate statement of its contents.

7. Defendant admits that it responded to Plaintiff's FOIA Request, with the Commission's FOIA Office designating the categories of records as 22-01904-FOIA and 22-01905-FOIA.

## No. 22-01904-FOIA

8. Defendant admits that it responded to Plaintiff's FOIA Request by a letter dated May 16, 2022, and that it assigned one of Plaintiff's requests the tracking number 22-01904-FOIA (the "First Request"). Defendant admits that Complaint Exhibit B is a copy of Defendant's response. The Court is respectfully referred to a copy of Defendant's letter for a complete and accurate statement of its contents.

9. Defendant admits that on June 30, 2022, Warren E. Jackson, Lead Research Specialist in the Commission's Office of FOIA Services, sent an email to Thomas R. Burke, and that on the same day Mr. Burke sent a responsive email to Mr. Jackson. Defendant admits that Complaint Exhibit C includes copies of Mr. Jackson's and Mr. Burke's emails. The Court is respectfully referred to the copies of their emails for a complete and accurate statement of their contents.

10. Defendant admits that on July 1, 2022, Carrie Hyde-Michaels, FOIA Branch Chief, sent an email to Thomas R. Burke, and that on the same day Mr. Burke sent a responsive email to Ms. Hyde-Michaels. Defendant admits that Complaint Exhibit C includes copies of Ms. Hyde-Michaels's and Mr. Burke's emails. The Court is respectfully referred to the copies of their emails for a complete and accurate statement of their contents.

11. Defendant admits that Complaint Exhibit C includes copies of emails i) from Mr. Jackson to Mr. Burke, dated June 30, 2022; ii) from Mr. Burke to Mr. Jackson, dated June 30, 2022; iii) from Ms. Hyde-Michaels to Mr. Burke, dated July 1, 2022; and, iv) from Mr. Burke to Ms. Hyde-Michaels, dated July 1, 2022.

12. Upon information and belief, Defendant admits Paragraph 12.

13. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in the first and second sentences of Paragraph 13. The allegations contained in the third sentence of Paragraph 13 constitute legal conclusions and argument, to which no response is required. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in the fourth sentence of Paragraph 13.

14. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in the first and second sentences of Paragraph 14. The allegations

contained in the third and fourth sentences of Paragraph 14 constitute legal conclusions and argument, to which no response is required.

15. Defendant admits the first sentence of Paragraph 15. The allegations contained in the second sentence of Paragraph 15 constitute legal conclusions and argument, to which no response is required.

### No. 22-01905-FOIA

16. Defendant admits that it responded to Plaintiff's FOIA Request by a letter dated May 16, 2022, and that it assigned one of Plaintiff's requests the tracking number 22-01905-FOIA (the "Second Request"). Defendant admits that Complaint Exhibit E is a copy of Defendant's response. The Court is respectfully referred to a copy of Defendant's letter for a complete and accurate statement of its contents.

17. Defendant admits that it sent a letter to Mr. Burke, dated June 1, 2022. Defendant admits that Complaint Exhibit F is a copy of Defendant's letter. The Court is respectfully referred to a copy of Defendant's letter for a complete and accurate statement of its contents.

18. As to the first sentence in Paragraph 18, Defendant admits that Thomas R. Burke sent a letter to Defendant dated August 26, 2022, containing subject line "Freedom of Information Act Administrative Appeal"; the remaining allegation in the first sentence constitutes a legal conclusion relating to the timeliness of an appeal, to which no response is required. Defendant admits that Complaint Exhibit G is a copy of Mr. Burke's letter.

19. Defendant admits that it sent Mr. Burke a letter dated September 6, 2022, with subject line "Appeal, Freedom of Information Act Request No. 22-01905-FOIA, designated on appeal as No. 22-00540-APPS." Defendant admits that Complaint Exhibit H is a copy of its

letter. The Court is respectfully referred to a copy of Defendant's letter for a complete and accurate statement of its contents.

## FIRST CAUSE OF ACTION

### (Violation of FOIA)

20. Paragraph 20 of the Complaint incorporates by reference all of the allegations contained in Paragraphs 1 through 19 of the Complaint. In response to Paragraph 20, Defendant incorporates by reference its responses to Paragraphs 1 through 19 of this Answer, as though set forth in full.

21. The allegations contained in Paragraph 21 constitute legal conclusions and argument, to which no response is required.

22. The allegations contained in Paragraph 22 constitute legal conclusions and argument, to which no response is required. To the extent the Court requires a response to the allegations in the second sentence of Paragraph 22, Defendant denies the allegations.

23. The allegations contained in Paragraph 23 constitute legal conclusions and argument, to which no response is required. To the extent the Court requires a response, Defendant denies the allegations.

24. The allegations contained in Paragraph 24 constitute legal conclusions and argument, to which no response is required. To the extent the Court requires a response, Defendant denies the allegations.

25. The allegations contained in Paragraph 25 constitute legal conclusions and argument, to which no response is required. To the extent the Court requires a response, Defendant denies the allegations.

26.     The allegations contained in Paragraph 26 constitute legal conclusions and argument, to which no response is required. To the extent the Court requires a response, Defendant denies the allegations.

## PRAYER OF RELIEF

With respect to the allegations contained in the unnumbered Paragraph beginning 'WHEREFORE', Defendant responds that the allegations constitute Plaintiff's prayer for relief, to which no response is required. However, to the extent a response is required by the Court, Defendant denies the allegations.

Answering further, to the extent necessary, where not admitted, denied or qualified, Defendant denies each and every remaining allegation contained in Plaintiff's Complaint. Any allegation against Defendant not specifically admitted herein is denied.

## AFFIRMATIVE DEFENSES

1.     Plaintiff has failed to state a claim upon which relief may be granted.

2.     Defendant's actions did not violate FOIA or any other statutory or regulatory provision.

3.     Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions of FOIA.

Therefore, Defendant respectfully requests that this Court enter judgment in its favor on all claims and this Court award it litigation expenses allowable by law.

/s/ Wm. Smith Greig
WM. SMITH GREIG
Office of the General Counsel
U.S. Securities and Exchange Commission
100 F Street NE
Washington, DC 20549-9613
(202) 551-5147 (phone)
(202) 772-9263 (fax)
GreigW@sec.gov

**CERTIFICATE OF SERVICE**

I certify that on January 30, 2023, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record in this case.

*/s/ Wm. Smith Greig*
WM. SMITH GREIG
