## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| **CARSON BLOCK,** | |
| **Plaintiff,** | Civil Action No. 122-CV-1314-DAE |
| **v.** | |
| **U.S. SECURITIES AND EXCHANGE COMMISSION, AND U.S. DEPARTMENT OF JUSTICE,** | |
| **Defendants**. | |

## FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

John Courtade (TX Bar No. 04891200)
8805 Wildridge Drive
Austin, TX  78759
Tel:     (512) 502-1135
Fax:     (512) 502-1138
Email:  johncourtade@johncourtade.com

Thomas R. Burke (*admitted pro hac vice*)
Megan C. Amaris (*admitted pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, CA  94111
Tel:     (415) 276-6500
Fax:     (415) 276-6599
Email:  thomasburke@dwt.com
            meganamaris@dwt.com

*Attorneys for Plaintiff*
*CARSON BLOCK*

Plaintiff Carson Block, through his undersigned attorneys, alleges as follows:

## INTRODUCTION

1.　　Plaintiff Carson Block brings this action against the U.S. Securities and Exchange Commission (the "SEC") and the U.S. Department of Justice (the "DOJ" and collectively, "Defendants") to compel their compliance with the Freedom of Information Act, 5 U.S.C. § 552 *et seq.*, as amended ("FOIA").

2.　　On May 13, 2022, Mr. Block submitted a FOIA request to the SEC and a FOIA request to the DOJ.  On June 7, 2023, Mr. Block submitted a second set of FOIA requests to the SEC and the DOJ (collectively, the "FOIA Requests").  The FOIA Requests sought records concerning the SEC and the DOJ's communications with relevant third-parties.  The SEC and the DOJ have failed to produce any records responsive to the FOIA Requests.

3.　　Mr. Block now seeks to enjoin the SEC and the DOJ from continuing to improperly withhold agency records that are responsive to the FOIA Requests, and to require the SEC and the DOJ to promptly disclose the records sought by the FOIA Requests.  The SEC and the DOJ are in violation of its duties under FOIA, and its months' long delay and denial of Mr. Block's FOIA Requests is improper.  This lawsuit is necessary because, despite the FOIA Requests propounded by Mr. Block, the SEC and the DOJ have failed to comply with its obligations under FOIA and continue to withhold responsive documents in defiance of FOIA mandates.

4.　　The Freedom of Information Act "focuses on the citizens' right to be informed about 'what their government is up to,'" by requiring the release of "[o]fficial information that sheds light on an agency's performance of its statutory duties."  *DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 750, 773 (1989) (citation omitted).  "[D]isclosure, not

secrecy, is the dominant objective" of FOIA. *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (internal quotation marks and citations omitted).

## PARTIES

5.      Plaintiff Carson Block is a resident of Austin, Texas.

6.      Defendant U.S. Securities and Exchange Commission is an agent of the federal government within the meaning of 5 U.S.C. § 552(f).  Mr. Block is informed and believes that the SEC has custody and control of the records sought by the FOIA Requests.

7.      Defendant U.S. Department of Justice is an agent of the federal government within the meaning of 5 U.S.C. § 552(f).  Mr. Block is informed and believes that the DOJ has custody and control of the records sought by the DOJ Requests.

## JURISDICTION & VENUE

8.      This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).  This Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a) and 2202.  Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## FACTUAL ALLEGATIONS

9.      In May 2022 and June 2023, Mr. Block submitted FOIA requests to the SEC and to the DOJ.  The SEC and the DOJ have failed to produce records responsive to the FOIA Requests and Mr. Block is now forced to bring this cause of action.

### May 13, 2022 SEC Request

10.     On May 13, 2022, Mr. Block submitted a FOIA request to the SEC, and requested access to and copies of the following records:

> a.  All email correspondence sent to, from or copied between any SEC email addresses used within the U.S. Securities

and Exchange Commission and any of the following:  Marc Cohodes, Joshua Mitts, Marlon Paz, or M. Analytics, or anyone using the domain "@mofo.com" from January 1, 2018, to the present.

    b.   Any documents or communications, including but not limited to correspondence, email, contracts, and invoices, relating to consulting services provided by Joshua Mitts and/or M. Analytics from January 1, 2018 to the present.

A true and correct copy of Mr. Block's SEC Request is attached as **Exhibit A**.

    11.    The SEC assigned separate tracking numbers for each prong of Mr. Block's FOIA Request: Tracking No. 22-01904-FOIA to section (a) and Tracking No. 22-01905-FOIA to section (b).  Mr. Block addresses each prong separately.

### *SEC Request No. 22-01904-FOIA*

    12.    On May 16, 2022, the SEC acknowledged receipt of the first prong of Mr. Block's SEC Request and assigned it Tracking No. 22-01904-FOIA ("SEC Request 01904").  A true and correct copy of the SEC's letter acknowledging receipt of SEC Request 01904 is attached as **Exhibit B**.

    13.    On June 30, 2022, Warren E. Jackson—Lead Research Specialist with the SEC's Office of FOIA Services—sent an email to Thomas R. Burke—counsel for Mr. Block— requesting additional information for the SEC's determination of SEC Request 01904. Specifically, Mr. Jackson requested additional emails, keywords, and search terms.  That same day, Mr. Burke responded and provided additional names and email addresses.

    14.    On July 1, 2022, Carrie Hyde-Michaels—FOIA Branch Chief with the SEC—sent another email to Mr. Burke requesting clarification as to whether the additional names and email addresses should be treated as a new FOIA request.  That same day, Mr. Burke responded,

stating that Mr. Block deferred to the SEC's determination regarding whether the additional information needed to be treated as a new FOIA request.

15.     A true and correct copy of Mr. Burke's email exchange with the SEC is attached as **Exhibit C**.

16.     Mr. Block is informed and believes that the SEC has custody and control of the records sought by SEC Request 01904.  Mr. Block has possession of email correspondence between himself, Joshua Mitts, and Robert J. Jackson, Jr.—then-commissioner of the SEC.  This email correspondence is responsive to SEC Request 01904 and the SEC necessarily must have responsive documents which it has not produced.  A true and correct copy of the email correspondence between Mr. Jackson, Mr. Mitts, and Mr. Block is attached as **Exhibit D**.

17.     Mr. Block is also informed and believes that Mr. Mitts has repeated contact and communications with individuals within the SEC.  Specifically, Mr. Block is informed and believes that Mr. Mitts has submitted petitions for rulemaking to the SEC, has presented to staff members within the SEC, and has been retained by companies to lobby the SEC.[1]  Mr. Block is in possession of email correspondence between Mr. Mitts and staff members of the SEC.  A true and correct copy of the email correspondence is attached as **Exhibit E**.  This email correspondence is also responsive to SEC Request 01904 and the SEC must have further documents and records evidencing these contacts and communications.  Such records have not yet been produced and would fall within the scope of the SEC Request 01904.

18.     More than 20 working days have elapsed since the SEC received SEC Request 01904.  Because the SEC has not complied with the statutory time limits set forth under FOIA,

---

[1] For the purposes of this First Amended Complaint, "staff" shall include all employees (including commissioners), consultants, or agents of the SEC, regardless of their internal designation.

**CARSON BLOCK v. SEC et al. — First Amended Complaint**
**Civil Action No. 122-CV-1314-DAE**

Mr. Block's administrative remedies relating to SEC Request 01904 are considered exhausted

under 5 U.S.C. § 522(a)(6)(C)(i).

19.     Since the initiation of this action, the SEC has conducted a search for responsive

records and has identified records responsive to SEC Request 01904.

### *SEC Request No. 22-01905-FOIA*

20.     On May 16, 2022, the SEC acknowledged receipt of the second prong of Mr.

Block's SEC Request and assigned it Tracking No. 22-01904-FOIA ("SEC Request 01905").  A

true and correct copy of the SEC's letter acknowledging receipt of SEC Request 01905 is

attached as **Exhibit F**.

21.     On June 1, 2022, the SEC stated that it did not have any documents or records

responsive to SEC Request 01905:

> Based on the information you provided in your letter, we
> conducted a thorough search of the SEC's various systems of
> records and consulted with SEC staff, but did not locate or identify
> any information responsive to your request.

A true and correct copy of the SEC's letter is attached as **Exhibit G**.

22.     On August 26, 2022, Mr. Block timely appealed the initial determination to the

SEC.  A true and correct copy of the administrative appeal letter is attached as **Exhibit H**.

23.     On September 6, 2022, the SEC denied Mr. Block's appeal, under assigned appeal

no. 22-00540-APPS.  The denial letter stated that the SEC did not have responsive documents

and that its search was reasonably calculated to locate any responsive documents or information:

> On appeal, you refer to communications that do not come within
> the FOIA Office's reasonable interpretation of "consulting
> services": rule proposals that Professor Mitts submitted to the SEC
> and a presentation to the SEC. The article you cite regarding
> Professor Mitts' presentation to the SEC states that he was
> "advising several companies that have met with" the SEC,
> indicating he was advocating for companies, not providing

consulting services to the SEC. Accordingly, I find that the SEC's search for responsive records was reasonably calculated to locate the requested records and information.

A true and correct copy of the SEC's denial letter is attached as **Exhibit I**. [2]

**June 7, 2023 SEC Request**

24.     On June 7, 2023, Mr. Block submitted a FOIA Request to the SEC, and requested

access to and copies of the following records:

> a.  All email correspondence sent to, from, or copied between any SEC email address used within the U.S. Securities and Exchange Commission and any of the following:  Manual Abascal (manny.abascal@lw.com), Marlon Paz (marlon.paz@lw.com, including any email addresses with the domains "@mayerbrown.com" or "@sewkis.com"), or Alex Wyman, or anyone using the domain "@lw.com," from January 1, 2018 to the present.

> b.  All email correspondence sent to, from, or copied between any SEC email address used within the U.S. Securities and Exchange Commission and any of the following: The Change Company, Steven A. Sugarman, Theodora Nickel, Jeff Seabold, Carlos Salas, Ted Ray, Angie Miranda, Mario De Tomasi, Adam Levine, Lindsay Valdeon, or anyone using the domain "@thechangecompany.com," from January 1, 2018 to the present.

> c.  All visitor logs related to or identifying any of the following:  Manual Abascal (alternatively, Manny Abascal), Marlon Paz, Alex Wyman, Steven A. Sugarman, Theodora Nickel, Jeff Seabold, Carlos Salas, Ted Ray, Angie Miranda, Mario De Tomasi, Adam Levine, Lindsay Valdeon, from January 1, 2018 to the present.

A true and correct copy of the June 7, 2023 FOIA Request is attached as **Exhibit J**.[3]

---

[2] Mr. Block does not challenge the SEC's determination of SEC Request 22-01905.
[3] Mr. Block does not challenge the SEC's determination of SEC Request 23-02499.

25.     The SEC assigned separate tracking numbers for each prong of Mr. Block's June 7, 2023 FOIA Request: Tracking No. 23-02497-FOIA to section (a), Tracking No. 23-02498-FOIA to section (b), and Tracking No. 23-02499-FOIA to section (c).

26.     On June 8, 2023, Mr. Block acknowledged receipt of SEC Request 23-02498.  A true and correct copy of the SEC's letter is attached as **Exhibit K.**

27.     On July 18, 2023, Joel Hansen sent an email to Mr. Burke requesting additional information for the SEC's determination of SEC Requests 23-02497 and 23-02498.  Specifically, Mr. Hansen requested an email address for Alex Wyman and for specific search terms to narrow SEC Request 23-02497, and for the relevant domain for the names identified in SEC Request 23-02498.  On July 26, 2023, counsel for Mr. Block responded to the request and provided the requested information.  A true and correct copy of the email correspondence is attached as **Exhibit L**.

28.     Mr. Block has not received any further communications from Mr. Hansen or any individual at the SEC regarding these two FOIA Requests.

29.     More than 20 working days have elapsed since the SEC received SEC Requests 23-02497 and 23-02498.  Because the SEC has not complied with the statutory time limits set forth under FOIA, Mr. Block's administrative remedies relating to these Requests are considered exhausted under 5 U.S.C. § 522(a)(6)(C)(i).

### The DOJ Requests

### *DOJ Request No. CRM-301760741*

30.     On May 13, 2022, Mr. Block submitted a FOIA Request to the DOJ, and requested access to and copies of the following records:

> a.   All email correspondence sent to, from or copied between any DOJ email addresses used within the Criminal Division

of the Justice Department, including but not limited to correspondence sent to, from or copied between the U.S. Attorney's Office for the Central District of California, Criminal Division, and any of the following:  Marc Cohodes, Joshua Mitts, Marlon Paz, or M. Analytics, or anyone using the domain "@mofo.com" from January 1, 2018 to the present.

b. Any documents or communications, including but not limited to correspondence, email, contracts, and invoices, relating to consulting services provided by Joshua Mitts and/or M. Analytics from January 1, 2018 to the present.

A true and correct copy of the May 13, 2022 DOJ Request is attached as **Exhibit M**.[4]

31.     On January 17, 2023, nearly eight months later, the DOJ issued a final disposition and response letter to Mr. Block.  The letter confirmed that the May 16, 2022 DOJ Request was received on October 13, 2022 and assigned tracking number CRM-301760741 to the DOJ Request.  In its letter, the DOJ stated the following rationale for its refusal to neither confirm nor deny the existence of responsive records:

> Please be advised that I have decided to neither confirm nor deny the existence of such records pursuant to Exemptions 6 and 7(C) pf the FOIA. Even to acknowledge the existence of law enforcement records regarding another individual could reasonably be expected to constitute an unwarranted invasion of personal privacy. This is our standard response to such requests and should not be taken to mean that records do, or do not, exist. Accordingly, I cannot confirm nor deny the existence of records responsive to your request.

A true and correct copy of the DOJ's response letter is attached as **Exhibit N**.

32.     On April 3, 2023, Mr. Block timely appealed the initial determination to the DOJ.

A true and correct copy of the administrative appeal letter is attached as **Exhibit O**.

---

[4] Section b of the DOJ Request seeks records relating consulting services that Mr. Mitts public advertises online.  *See* https://www.law.columbia.edu/sites/default/files/2020-08/joshua-mitts-cv_august_2020.pdf (stating "[h]e has extensive experience supporting the U.S. Department of Justice").

33.     On April 10, 2023, the DOJ acknowledged receipt of Mr. Block's administrative appeal of the May 16, 2022 DOJ Request and assigned it tracking number A-2023-01029.  A true and correct copy of the DOJ's letter acknowledging receipt of the administrative appeal is attached as **Exhibit P**.

34.     On September 11, 2023, the DOJ denied Mr. Block's appeal.  A true and correct copy of the SEC's denial letter is attached as **Exhibit Q**.

### *DOJ Request No. CRM-301961545*

35.     On June 7, 2023, Mr. Block submitted the DOJ Request to the DOJ, and requested access to and copies of the following records:

a.     All email correspondence sent to, from, or copied between any DOJ email address used within the Criminal Division of the Justice Department and any of the following: Manual Abascal (manny.abascal@lw.com), Marlon Paz (marlon.paz@lw.com, including any email addresses with the domains "@mayerbrown.com" or "@sewkis.com"), or Alex Wyman, or anyone using the domain "@lw.com," from January 1, 2018 to the present.

b.     All email correspondence sent to, from, or copied between any DOJ email address used within the Criminal Division of the Justice Department and any of the following: The Change Company, Steven A. Sugarman, Theodora Nickel, Jeff Seabold, Carlos Salas, Ted Ray, Angie Miranda, Mario De Tomasi, Adam Levine, Lindsay Valdeon, or anyone using the domain "@thechangecompany.com," from January 1, 2018 to the present.

c.     All visitor logs related to or identifying any of the following:  Manual Abascal (alternatively, Manny Abascal), Marlon Paz, Alex Wyman, Steven A. Sugarman, Theodora Nickel, Jeff Seabold, Carlos Salas, Ted Ray, Angie Miranda, Mario De Tomasi, Adam Levine, Lindsay Valdeon, from January 1, 2018 to the present.

A true and correct of the June 7, 2023 DOJ Request is attached as **Exhibit R**.

36.     On August 1, 2023, the DOJ confirmed receipt of the June 7, 2023 DOJ Request and assigned it tracking number CRM-301961545.  In its letter, the DOJ again asserted Exemptions 6 and 7(C) and refused to confirm or deny the existence of responsive records.  A true and correct copy of the DOJ's response letter is attached as **Exhibit S**.

37.     On October 26, 2023, Mr. Block timely appealed the initial determination to the DOJ.  A true and correct copy of the administrative appeal letter is attached as **Exhibit T**.

38.     Mr. Block has not received any further communications from the DOJ regarding the administrative appeal or the DOJ Request.

39.     Mr. Block is informed and believes that the DOJ has custody and control of the records sought by the DOJ Requests.

<div align="center">

**FIRST CAUSE OF ACTION**
**(Violation of FOIA)**

</div>

40.     Plaintiff realleges and reincorporates the allegations in the foregoing paragraphs as though fully set forth herein.

41.     Defendants have a legal duty under FOIA to determine whether to comply with a request within 20 working days after receiving the FOIA Requests.  Defendants also have a legal duty to timely notify the requester of the agency's determination and the reasons therefore.

42.     Mr. Block has a legal right under FOIA to obtain the agency records he requested in his FOIA Requests.  There is no legal basis for the Defendants' failure to timely respond to his FOIA Requests or to provide all records responsive to the FOIA Requests to Mr. Block.

43.     Defendants have violated 5 U.S.C. § 552(a)(6)(A)–(B) and applicable regulations promulgated thereunder by failing to determine whether to comply with the FOIA Requests and communicate such determination to Mr. Block within 20 working days.

44.     Defendants have further violated 5 U.S.C. § 552(a)(3)(A) by failing to timely release agency records in response to the FOIA Requests.

45.     5 U.S.C. § 552(a)(4)(B) authorizes the grant of injunctive relief to Mr. Block because Defendants continue to flout FOIA and improperly withhold agency records.

46.     28 U.S.C. § 2201 authorizes declaratory relief because an actual and justiciable controversy exists regarding Defendants' improper withholding agency records in violation of FOIA.

## **PRAYER OF RELIEF**

WHEREFORE, Plaintiff requests that the Court award the following relief:

a.     Declare that the Defendants violated FOIA in its response to Mr. Block's FOIA Requests;

b.     Order the Defendants to conduct a search for all records responsive to the FOIA Requests, employing search methods reasonably likely to lead to the discovery of records responsive to the FOIA Requests;

c.     Order the Defendants to produce, by a date certain, all nonexempt records and portions of records responsive to the FOIA Requests, and a *Vaughn* index of each responsive record or portion of record withheld under a claim of exemption.

d.     Enjoin the Defendants from continuing to withhold any nonexempt record responsive to Mr. Block's FOIA Requests;

e.     Award to Plaintiff his attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

f.     Grant Plaintiff such further relief as the Court may deem just and proper.

Dated:  January 12, 2024

Respectfully submitted,

/s/ Thomas R. Burke
Thomas R. Burke (*pro hac vice*)
Megan C. Amaris (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, CA  94111
Tel:     (415) 276-6500
Fax:    (415) 276-6599
Email:  thomasburke@dwt.com
           meganamaris@dwt.com

John Courtade (TX Bar No. 04891200)
8805 Wildridge Drive
Austin, TX  78759
Tel:     (512) 502-1135
Fax:    (512) 502-1138
Email:  johncourtade@johncourtade.com

*Attorneys for Plaintiff*
*CARSON BLOCK*

# EXHIBIT A



Suite 800
505 Montgomery Street
San Francisco, CA  94111-6533

**Thomas R. Burke**
(415) 276-6552 tel
(415) 276-6599 fax

thomasburke@dwt.com

May 13, 2022

***Sent via electronic mail***
*mcinerneyr@sec.gov*
*foiapa@sec.gov*

Ray J. McInerney, FOIA Officer
U.S. Securities and Exchange Commission
Office of FOIA Services
100 F Street, NE, Mail Stop 2465
Washington, DC 20549-2465

Re:     Freedom of Information Act Request

Dear Sir/Madam:

Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, on behalf of our client Carson C. Block, we request access to the following documents:

- All email correspondence sent to, from or copied between any SEC email addresses used within the U.S. Securities and Exchange Commission and any of the following:  Marc Cohodes, Joshua Mitts, Marlon Paz, or M. Analytics, or anyone using the domain "@mofo.com" from January 1, 2018, to the present.

- Any documents or communications, including but not limited to correspondence, email, contracts, and invoices, relating to consulting services provided by Joshua Mitts and/or M. Analytics from January 1, 2018 to the present.

Our client is willing and able to pay any applicable fees associated with this request but we request notification if such fees exceed $500. If a portion of the information we have requested is exempt from disclosure by express provisions of law, 5 U.S.C. § 552(b) requires segregation and deletion of that material so the remainder of the information can be released.  If you determine an express provision of law exempts from disclosure all or a portion of the material we have requested, 5 U.S.C. § 552(a)(6)(A)(i) requires notification to us of the reasons for the determination not later than 20 days from your receipt of this request.

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

Ray J. McInerney, FOIA Officer
U.S. Securities and Exchange Commission
May 13, 2022
Page 2


   **Please be advised that our client retracts its initial FOIA requests, sent on April 6, 2022 (Response not yet received; Request No. not yet issued.), and May 6, 2022 (Request No. 22-01864-FOIA).**

   Thank you for your prompt attention to this request, and we look forward to a response within the statutory 20-day period.

Sincerely,

Davis Wright Tremaine LLP

Thomas R. Burke

# EXHIBIT B



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
STATION PLACE
100 F STREET, NE
WASHINGTON, DC 20549-2465

**Office of FOIA Services**

May 16, 2022

Mr. Thomas R. Burke
Davis Wright Tremaine LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111-6533

     Re:  Freedom of Information Act (FOIA), 5 U.S.C. § 552
         Request No. **22-01904-FOIA**

Dear Mr. Burke:

    This letter is an acknowledgment of your FOIA request dated May 13, 2022, and received in this office on May 16, 2022, for records regarding all email correspondence sent to, from or copied between any SEC email addresses used within the U.S. Securities and Exchange Commission and any of the following: Marc Cohodes, Joshua Mitts, Marlon Paz, or M. Analytics, or anyone using the domain "@mofo.com" from January 1, 2018, to the present.

    Your request has been assigned tracking number 22-01904-FOIA. Your request will be assigned to a Research Specialist for processing and you will be notified of the findings as soon as possible. If you do not receive a response after thirty business days from when we received your request, you have the right to seek dispute resolution services from an SEC FOIA Public Liaison or the Office of Government Information Services (OGIS). A list of SEC FOIA Public Liaisons can be found on our agency website at https://www.sec.gov/oso/contact/foia-contact.html. OGIS can be reached at 1-877-684-6448 or Archives.gov or via email at ogis@nara.gov.

    In the interim, if you have any questions about your request, you may contact this office by calling (202) 551-7900, or sending an e-mail to foiapa@sec.gov. Please refer to your tracking number when contacting us.

    For additional information, please visit our website at www.sec.gov and follow the FOIA link at the bottom.

              Sincerely,

              Office of FOIA Services

# EXHIBIT C

| | |
|---|---|
| **From:** | Burke, Thomas |
| **Sent:** | Friday, July 1, 2022 8:00 AM |
| **To:** | Hyde-Michaels, Carrie |
| **Cc:** | Jackson, Warren; Henderson, Amanda; Lewis, Aysha |
| **Subject:** | Re: Your SEC Request No. 22-01904-FOIA |

Good morning.

I defer to you on whether you need this to be a new FOIA request.  We did not have these details before — and still hope to locate additional email addresses to help narrow the SEC's search.

Thank you.


**Thomas R. Burke** | Davis Wright Tremaine LLP
Partner, Media Law Practice & Chair of DWT's Pro Bono & Social Impact and Sustainability Committees
505 Montgomery Street, Suite 800 | San Francisco, CA 94111
Tel: (415) 276-6552 | Fax: (415) 489-9052 | Mobile: (415) 519-3406
Email: thomasburke@dwt.com | Website: www.dwt.com
Bio: www.dwt.com/people/ThomasRBurke
See our Climate and Sustainability Commitment

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.


On Jul 1, 2022, at 11:39 AM, Hyde-Michaels, Carrie <hyde-michaelsc@sec.gov> wrote:


**[EXTERNAL]**

Good morning Mr. Burke,

You appear to be expanding your FOIA request to add several people who were not in the original FOIA request. Should we treat this as a new FOIA request for emails to or from those additional people? Or were you providing additional names as terms to limit the searches you originally requested?

Please be advised that unless you provide us with a topic, a specific matter in which you are interested, or search terms, the search results are likely to be voluminous and include a great deal of information that is likely not what you are looking for.

Thank you,
Carrie Hyde-Michaels
FOIA Branch Chief
U.S. Securities and Exchange Commission
Office of FOIA Services
hyde-michaelsc@sec.gov
Direct: (202) 551-5816

**From:** Burke, Thomas <THOMASBURKE@dwt.com>
**Sent:** Thursday, June 30, 2022 1:47 PM
**To:** Jackson, Warren <JacksonW@SEC.GOV>
**Cc:** Henderson, Amanda <AmandaHenderson@dwt.com>; Lewis, Aysha <AyshaLewis@dwt.com>
**Subject:** RE: Your SEC Request No. 22-01904-FOIA

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Thank you for contacting me.

Hopefully the following list of individual names will help you identify potentially responsive emails within the SEC.  Our request is for an emails between anyone at the SEC and any of the individuals named below (or an email using the @mofo.com address) during the time period mentioned in the FOIA request.

I have included all the email addresses that I currently have, but I will also check back with my client about the specific email addresses you have requested.  :

Joshua Mitts
M. Analytics
Marlon Paz
Marc Cohodes
David Shapiro
Fred Norton

Anyone using the domain "@mofo.com"

| | |
|---|---|
| John Sikora | john.sikora@lw.com |
| Eric Swibel | eric.swibel@lw.com |
| Michele Johnson | michele.johnson@lw.com |
| Luis Aguilar | |

Thank you.

**Thomas R. Burke** | Davis Wright Tremaine LLP
Partner, Media Law Practice & Chair of DWT's Pro Bono & Social Impact and Sustainability Committees
505 Montgomery Street, Suite 800 | San Francisco, CA 94111
Tel: (415) 276-6552 | Fax: (415) 489-9052 | Mobile: (415) 519-3406
Email: thomasburke@dwt.com | Website: www.dwt.com
Bio: www.dwt.com/people/ThomasRBurke
See our Climate and Sustainability Commitment

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

**From:** Jackson, Warren <JacksonW@SEC.GOV>
**Sent:** Thursday, June 30, 2022 10:22 AM
**To:** Burke, Thomas <THOMASBURKE@dwt.com>
**Subject:** Your SEC Request No. 22-01904-FOIA
**Importance:** High

[EXTERNAL]

Hello Mr. Burke,

This message concerns your attached FOIA request for "All email correspondence sent to, from or copied between any SEC email addresses used within the U.S. Securities and Exchange Commission and any of the following: Marc Cohodes, Joshua Mitts, Marlon Paz, or M. Analytics, or anyone using the domain "@mofo.com" from January 1, 2018, to the present."

To assist our staff in identifying responsive records and to eliminate what may be voluminous non-responsive records, we are asking if you could provide the email addresses for Cohodes, Mitts, Paz, and M. Analytics or provide any other information that could help the staff run a search that is tailored to capture emails to or from those persons without getting a lot of false hits.

Similarly, for @mofo.com are there any keywords or search terms to focus the search?  Any additional information would be greatly appreciated.

Thanks.

*Warren E. Jackson*

Lead Research Specialist
Office of FOIA Services
Branch 5
U.S. Securities & Exchange  Commission
100 F Street, NE – SP 2
Room 2802
Washington, DC 20549
jacksonw@sec.gov
(202) 551-8312

**EXHIBIT D**

**From:** Jackson, Rob <jacksonro@SEC.GOV>
**Date:** Monday, February 18, 2019 at 2:57 PM
**To:** Joshua Mitts <joshua.mitts@gmail.com>
**Cc:** Carson Block <CB@muddywaterscapital.com>, Francis, Marc <francism@SEC.GOV>, Krista Deluca <kd@muddywaterscapital.com>
**Subject:** Re: Monday Breakfast

Josh,

That works for me. Marc, can you send around an updated calendar invite?

Thanks to both of you. Looking forward to the conversation!

Best,

Rob

Robert J. Jackson, Jr.
Commissioner
U.S. Securities and Exchange Commission
(202) 551-5074 (o)
(202) 701-7586 (c)
JacksonRo@sec.gov

On Feb 18, 2019, at 1:38 PM, Joshua Mitts <joshua.mitts@gmail.com> wrote:

> Hi Rob,
>
> We've had some unexpected scheduling conflicts on 3/18, and were wondering if you
> might be free for lunch that day, perhaps at 12 or 12:30?  And by any chance, could we
> meet downtown instead of uptown?
>
> Thanks so much -- really looking forward to meeting!
>
> Best,
> Josh
>
> Joshua Mitts
> Associate Professor of Law
> Columbia University

On Thu, Feb 14, 2019 at 6:03 PM Carson Block <CB@muddywaterscapital.com> wrote:

Perfect! Look forward to it.

> On Feb 14, 2019, at 2:42 PM, Francis, Marc <francism@sec.gov> wrote:
>
> That works for Rob! Shall we do 9AM at The French Roast?
>
> Marc Francis
> SEC Commissioner Robert J. Jackson, Jr.
> 202-551-5074 (o)
> 202-550-5963 (m)
>
>
> -----Original Message-----
> From: Joshua Mitts [mailto:joshua.mitts@gmail.com]
> Sent: Thursday, February 14, 2019 5:10 PM
> To: Carson Block
> Cc: Jackson, Rob; Francis, Marc; Krista Deluca
> Subject: Re: Monday Breakfast
>
> That works for me!  Rob?
>
> Joshua Mitts
> Associate Professor of Law
> Columbia Law School

2

>
>> On Feb 14, 2019, at 1:51 PM, Carson Block <CB@muddywaterscapital.com> wrote:

>>

>> Hi Rob and Josh,

>>

>> Are you still available for breakfast on 3/18? It looks like I'll be back in town that week.

>>

>> Cheers,

>> Carson

>>

>>

>> On 2/4/19, 5:57 AM, "Jackson, Rob" <jacksonro@SEC.GOV> wrote:

>>

>>  Thanks Carson!

>>

>>  Best,

>>

>>  Rob

>>

>>  Robert J. Jackson, Jr.

>>  Commissioner

>>  U.S. Securities and Exchange Commission

>>  (202) 551-5074 (o)

>>  (202) 701-7586 (c)

>>  JacksonRo@sec.gov

>>

>>> On Feb 4, 2019, at 8:54 AM, Carson Block <CB@muddywaterscapital.com> wrote:

>>>

>>> I should be back in NY in March, but I haven't nailed down dates. Let me see if I can make the week of March 18th work, and I'll revert.

>>>

>>> Thanks,

>>> Carson

>>>

>>>

>>> On 2/3/19, 8:51 AM, "Jackson, Rob" <jacksonro@SEC.GOV> wrote:

>>>

>>>  Dear Carson and Josh,

>>>

>>>  With sincere apologies, I've just discovered that a shutdown-related rescheduling will make it impossible for me to join you for breakfast on Monday. I am, however, available for a breakfast in New York, at any time that works for you on Monday 2/18, 2/25, and 3/18.

>>>

>>>  Could you check your calendars and let me know what might work? I'm terribly sorry for the shutdown-related scheduling chaos. Many thanks. Here's hoping we'll have a chance to connect in person sometime very soon!

>>>

>>>  Best,

>>>

>>>  Rob

>>>

>>>  Robert J. Jackson, Jr.

>>> Commissioner
>>> U.S. Securities and Exchange Commission
>>> (202) 551-5074 (o)
>>> (202) 701-7586 (c)
>>> JacksonRo@sec.gov
>>>
>>>> On Feb 3, 2019, at 10:50 AM, Jackson, Rob <jacksonro@SEC.GOV> wrote:
>>>>
>>>> Marc,
>>>>
>>>> At 8:30AM at the French Roast uptown on Monday, February 11, Carson, Josh (both copied) and I will share breakfast. Can you update my schedule accordingly?
>>>>
>>>> Many thanks. And Carson and Josh—looking forward to this!
>>>>
>>>> Best,
>>>>
>>>> Rob
>>>>
>>>> Robert J. Jackson, Jr.
>>>> Commissioner
>>>> U.S. Securities and Exchange Commission
>>>> (202) 551-5074 (o)
>>>> (202) 701-7586 (c)
>>>> JacksonRo@sec.gov
>>>
>>> This e-mail and the information contained herein is confidential and is intended solely for the recipient. Delivery of this e-mail or any of the information contained herein to anyone other than the recipient or his or her designated representative is unauthorized and any other use, reproduction, distribution or copying of this e-mail or the information contained herein, in whole or in part, without the prior written consent of Muddy Waters Capital LLC or its affiliates is prohibited. This e-mail is not to be construed as investment advice. If you have received this message in error, please notify the sender immediately and delete this message and any related attachments. This e-mail and the information contained herein shall not constitute an offer to sell or the solicitation of an offer to purchase an interest in a fund. Any such offer or solicitation will be made to qualified investors only by means of an offering memorandum and related subscription agreement. Any performance information contained herein may be unaudited and estimated. Past performance is not necessarily indicative of future results. There can be no assurance that any fund's investment objective will be achieved or that an investor will not lose a portion or all of its investment.
>>
>> This e-mail and the information contained herein is confidential and is intended solely for the recipient. Delivery of this e-mail or any of the information contained herein to anyone other than the recipient or his or her designated representative is unauthorized and any other use, reproduction, distribution or copying of this e-mail or the information contained herein, in whole or in part, without the prior written consent of Muddy Waters Capital LLC or its affiliates is prohibited. This e-mail is not to be construed as investment advice. If you have received this message in error, please notify the sender immediately and delete this message and any related attachments. This e-mail and the information contained herein shall not constitute an offer to sell or the solicitation of an offer to purchase an interest in a fund. Any such offer or solicitation will be made to qualified investors only by means of an offering memorandum and related subscription agreement. Any performance information contained herein may be unaudited and estimated. Past performance is not necessarily indicative of future results. There can be no assurance that any fund's investment objective will be achieved or that an

investor will not lose a portion or all of its investment.

This e-mail and the information contained herein is confidential and is intended solely for the recipient. Delivery of this e-mail or any of the information contained herein to anyone other than the recipient or his or her designated representative is unauthorized and any other use, reproduction, distribution or copying of this e-mail or the information contained herein, in whole or in part, without the prior written consent of Muddy Waters Capital LLC or its affiliates is prohibited. This e-mail is not to be construed as investment advice. If you have received this message in error, please notify the sender immediately and delete this message and any related attachments. This e-mail and the information contained herein shall not constitute an offer to sell or the solicitation of an offer to purchase an interest in a fund. Any such offer or solicitation will be made to qualified investors only by means of an offering memorandum and related subscription agreement. Any performance information contained herein may be unaudited and estimated. Past performance is not necessarily indicative of future results. There can be no assurance that any fund's investment objective will be achieved or that an investor will not lose a portion or all of its investment.

# EXHIBIT E

**From:**      England, Timothy
**Sent:**      Thu, 20 May 2021 10:47:08 -0400
**To:**        jmitts@law.columbia.edu
**Subject:**   10b5-1 presentation


Hi Professor Mitts,

I heard your presentation to SEC staff on Monday and would be interested in learning more about your data. Would you have time for a call early next week?

Thank you,
Tim England

Timothy N. England
Assistant Director, Division of Enforcement
U.S. Securities and Exchange Commission
100 F Street NE | Washington, D.C. 20549
 @sec.gov

| | |
|---|---|
| **From:** | Gettinger, Geoffrey on behalf of Alderton, MaryAnn (Contractor) |
| **Sent:** | Tue, 27 Apr 2021 12:27:51 -0400 |
| **To:** | jmitts@law.columbia.edu |
| **Subject:** | FW: Rule 10b5-1 plan |

Hi Josh-

Good to speak with you this morning. Per our conversation, May 17 at 1:00 PM would work best for us. Here is a placeholder for that time, as well as a link to our WebEx video conference.

Best regards,

Geoff

-----Original Appointment-----
**From:** Alderton, MaryAnn (Contractor)
**Sent:** Tuesday, April 27, 2021 12:00 PM
**To:** Alderton, MaryAnn (Contractor); Gettinger, Geoffrey; Rider, Nancy
**Subject:** Rule 10b5-1 plan
**When:** Monday, May 17, 2021 1:00 PM-2:00 PM (UTC-05:00) Eastern Time (US & Canada).
**Where:** Webex

-- Do not delete or change any of the following text. --

**When it's time, join your Webex meeting here.**

Join meeting

**More ways to join:**

**Join from the meeting link**
(b)(6)

**Join by meeting number**
Meeting number (access code): (b)(6)
Meeting password: (b)(6) (from phones and video systems)

**Tap to join from a mobile device (attendees only)**
(b)(6) US Toll
Some mobile devices may ask attendees to enter a numeric meeting password.

**Join by phone**

(b)(6)  US Toll

**Join from a video system or application**

Dial (b)(6)

**Join using Microsoft Lync or Microsoft Skype for Business**

Dial (b)(6)

If you are a host, click here to view host information.

Need help? Go to https://help.webex.com

| | |
|---|---|
| **From:** | Gettinger, Geoffrey |
| **Sent:** | Wed, 12 May 2021 12:22:06 -0400 |
| **To:** | jmitts@law.columbia.edu;Rider, Nancy;Alderton, MaryAnn (Contractor) |
| **Subject:** | Presentation Tech Test |

-- Do not delete or change any of the following text. --

**When it's time, join your Webex meeting here.**

Join meeting

**More ways to join:**

**Join from the meeting link**
(b)(6)

**Join by meeting number**
Meeting number (access code): (b)(6)
Meeting password: (b)(6)          from phones and video systems)

**Tap to join from a mobile device (attendees only)**
(b)(6)
·                                          USA Toll 2
·                                          US Toll
Some mobile devices may ask attendees to enter a numeric meeting password.

**Join by phone**
(b)(6)          USA Toll 2
(b)(6)          US Toll
Global call-in numbers

**Join from a video system or application**
Dial (b)(6)

**Join using Microsoft Lync or Microsoft Skype for Business**

Dial (b)(6)

If you are a host, click here to view host information.

Need help? Go to https://help.webex.com

| | |
|---|---|
| **From:** | Gettinger, Geoffrey |
| **Sent:** | Mon, 26 Apr 2021 12:16:58 -0400 |
| **To:** | jmitts@law.columbia.edu |
| **Subject:** | RE: smail Introduction and Invitation |

Josh-

Thanks so much! Does tomorrow, either 11:30 or 3:00, work for you?

Geoff

---

**From:** jmitts@law.columbia.edu
**Sent:** Monday, April 26, 2021 12:05 PM
**To:** Gettinger, Geoffrey
**Subject:** RE: smail Introduction and Invitation

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

> This message was sent securely using Zix®

Hi Geoff,

Thanks very much for this kind invitation. I would be delighted to speak with your colleagues. I'm flexible this week for a call to discuss -- when would be a good time for you?

Best,
Josh

--- Originally sent by (b)(6) @sec.gov on Apr 26, 2021 11:52 AM ---

> This message was sent securely using Zix ®

Dear Professor Mitts,

It is a pleasure to meet you via email.

I recently had occasion to read your research paper, <u>Insider Trading and Strategic Disclosure,</u> and wanted to extend an invitation for you to speak with Enforcement Division staff on your research into 10b5-1 plan trading. We are generally interested in exploring what insights we can take from your work that might aid our efforts to identify and address potentially manipulative insider selling.

Please let me know if this invitation is of interest to you. I am happy to schedule a call at your convenience to discuss plans for the event.

Sincerely,

Geoff

**Geoffrey E. Gettinger**
Senior Counsel - Division of Enforcement
U.S. Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549-5553

@sec.gov

------------------------------------------------------------------------
This message was secured by **Zix Corp** (R) .

This message was secured by **Zix**®.

**From:**      Gettinger, Geoffrey
**Sent:**      Mon, 26 Apr 2021 12:56:57 -0400
**To:**        jmitts@law.columbia.edu
**Subject:**   RE: smail Introduction and Invitation

Good. I will call you then.

**From:** jmitts@law.columbia.edu
**Sent:** Monday, April 26, 2021 12:30 PM
**To:** Gettinger, Geoffrey
**Subject:** RE: smail Introduction and Invitation

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

This message was sent securely using Zix®

Terrific! Let's do 11:30am. Do you mind calling me then? I'll be at my office --(b)(6)----
but as a backup my cell is (b)(6)

Best,
(b)(6)

--- Originally sent by (b)(6)        @sec.gov on Apr 26, 2021 12:17 PM ---

This message was sent securely using Zix ®

Josh-

Thanks so much! Does tomorrow, either 11:30 or 3:00, work for you?

Geoff

**From:** jmitts@law.columbia.edu <jmitts@law.columbia.edu>
**Sent:** Monday, April 26, 2021 12:05 PM
**To:** Gettinger, Geoffrey (b)(6)      @SEC.GOV>
**Subject:** RE: smail Introduction and Invitation

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

This message was sent securely using Zix ®

Hi Geoff,

Thanks very much for this kind invitation. I would be delighted to speak with your colleagues. I'm flexible this week for a call to discuss -- when would be a good time for you?

Best,
Josh

--- Originally sent by [b)(6)] [b)(6)]@sec.gov on Apr 26, 2021 11:52 AM ---

This message was sent securely using Zix ®

Dear Professor Mitts,

It is a pleasure to meet you via email.

I recently had occasion to read your research paper, Insider Trading and Strategic Disclosure, and wanted to extend an invitation for you to speak with Enforcement Division staff on your research into 10b5-1 plan trading. We are generally interested in exploring what insights we can take from your work that might aid our efforts to identify and address potentially manipulative insider selling.

Please let me know if this invitation is of interest to you. I am happy to schedule a call at your convenience to discuss plans for the event.

Sincerely,

Geoff

**Geoffrey E. Gettinger**
Senior Counsel - Division of Enforcement
U.S. Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549-5553
[b)(6)]
[b)(6)] @sec.gov

-------------------------------------------------------------------------
This message was secured by **Zix Corp** **(R)** .


This message was secured by **Zi x** **®** .

-------------------------------------------------------------------------
This message was secured by **Zix Corp** **(R)** .


This message was secured by **Zix**®.

**From:**          Fielding, Peter
**Sent:**          Thu, 13 Jun 2019 17:11:55 -0400
**To:**            jmitts@law.columbia.edu
**Subject:**       Short and Distort Seminar

Hello Joshua,

Apologies for leaving your seminar early this morning. I found it very interesting and quite thought provoking! If I end up developing follow-up questions based on the seminar and your article, would you mind me reaching out to you?

Best,

Peter H. Fielding
Counsel
Division of Enforcement
U.S. Securities and Exchange Commission
100 F Street NE
Washington, DC 20549-5041
(b)(6)
(b)(6)      @sec.gov

**From:**      Gettinger, Geoffrey
**Sent:**      Tue, 11 May 2021 17:02:17 -0400
**To:**        jmitts@law.columbia.edu
**Subject:**   smail 10b5-1 Plan Presentation

Hi Josh,

I am looking forward to your presentation next week for the SEC enforcement staff. We have had significant interest since we announced the meeting, and I think it should be a lively hour. A couple of quick questions:

1) Are you available for a very short technical run-through (should be 10 minute or less) on Monday morning (between 9:00 and 9:30 or 10:30-11)?
2) Do you anticipate using a PowerPoint deck (or similar visual aid)? If so, it would be good to run through the mechanics of that on the WebEx video conference platform.

Thanks again,

Geoff

**From:**      Gettinger, Geoffrey
**Sent:**      Mon, 26 Apr 2021 11:52:05 -0400
**To:**        jmitts@law.columbia.edu
**Subject:**   smail Introduction and Invitation

Dear Professor Mitts,

It is a pleasure to meet you via email.

I recently had occasion to read your research paper, <u>Insider Trading and Strategic Disclosure</u>, and wanted to extend an invitation for you to speak with Enforcement Division staff on your research into 10b5-1 plan trading. We are generally interested in exploring what insights we can take from your work that might aid our efforts to identify and address potentially manipulative insider selling.

Please let me know if this invitation is of interest to you. I am happy to schedule a call at your convenience to discuss plans for the event.

Sincerely,

Geoff


**Geoffrey E. Gettinger**
Senior Counsel - Division of Enforcement
U.S. Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549-5553
(b)(6)
(b)(6) @sec.gov

**From:**      Gettinger, Geoffrey
**Sent:**      Thu, 29 Apr 2021 14:05:11 -0400
**To:**      jmitts@law.columbia.edu
**Subject:**      smail Quick follow-up

Hi Josh-

Two questions for you.

1) I'm preparing the invitation for your presentation now, and wanted to run the below blurb by you to make sure you were comfortable with this description:

Rule 10b5-1 was promulgated by the Commission in 2000, in part, to provide individuals or entities with an affirmative defense to insider trading liability when a trade is carried out pursuant to a preexisting contract, instruction or plan created while that individual or entity was not in possession of material non-public information. Despite the safe-harbor afforded by the rule, does Rule 10b5-1 plan trading nonetheless present the potential for abuse? What does twenty years of data tell us about the potential or opportunity for manipulative trading under the rule? A recent study conducted by our guest, Professor Joshua Mitts, demonstrates that public companies disproportionately reveal positive news on days when executives have scheduled stock sales – potentially benefiting corporate insiders to the detriment of other investors. Join us to hear Professor Mitts share his research on the correlation between positive corporate disclosures, stock price movements and corporate executive 10b5-1 plan trading, as well as his thoughts on the implications of his findings for our work in the Enforcement Division.

2) Are you amenable to us recording the presentation for those in the Division who might want to watch it at another time? Obviously, the presentation (and any recording) would only be accessible to Commission staff.

Thanks again,

Geoff

**From:**      Gettinger, Geoffrey
**Sent:**      Mon, 17 May 2021 14:07:05 -0400
**To:**        jmitts@law.columbia.edu
**Subject:**   Thank you!

Josh-

That was super – thanks again for agreeing to do this. We sometimes need to usual draw questions out, so the level of engagement here was terrific.

Would you mind sharing a copy of your presentation PowerPoint with me? I would like to be able to pass it along to folks who were not able to attend.

Geoff

| | |
|---|---|
| **From:** | jmitts@law.columbia.edu |
| **Sent:** | Tue, 11 May 2021 17:09:11 -0500 |
| **To:** | Gettinger, Geoffrey |
| **Subject:** | RE: smail 10b5-1 Plan Presentation |

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

<div style="background:blue;color:white;text-align:center">This message was sent securely using Zix®</div>

Hi Geoff,
Thanks very much for this kind note! I am really looking forward to the presentation.
1) Yes, that would be great. How about 9am?
2) Yes, I will have a Powerpoint slide deck.
Thanks again,
Josh

--- Originally sent by [b)(6)]@sec.gov on May 11, 2021 5:02 PM ---

<div style="background:blue;color:white;text-align:center">This message was sent securely using Zix ®</div>

Hi Josh,

I am looking forward to your presentation next week for the SEC enforcement staff. We have had significant interest since we announced the meeting, and I think it should be a lively hour. A couple of quick questions:

1) Are you available for a very short technical run-through (should be 10 minute or less) on Monday morning (between 9:00 and 9:30 or 10:30-11)?

2) Do you anticipate using a PowerPoint deck (or similar visual aid)? If so, it would be good to run through the mechanics of that on the WebEx video conference platform.

Thanks again,

Geoff

--------------------------------------------------------------------------
This message was secured by **Zix Corp** **(R)** .

This message was secured by **Zix**®.

| From: | jmitts@law.columbia.edu |
|-------|-------------------------|
| Sent: | Mon, 26 Apr 2021 11:05:19 -0500 |
| To: | Gettinger, Geoffrey |
| Subject: | RE: smail Introduction and Invitation |

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

This message was sent securely using Zix®

Hi Geoff,
Thanks very much for this kind invitation. I would be delighted to speak with your colleagues.
I'm flexible this week for a call to discuss -- when would be a good time for you?
Best,
Josh

--- Originally sent by [b)(6)] @sec.gov on Apr 26, 2021 11:52 AM ---

This message was sent securely using Zix ®

Dear Professor Mitts,

It is a pleasure to meet you via email.

I recently had occasion to read your research paper, Insider Trading and Strategic Disclosure, and wanted to extend an invitation for you to speak with Enforcement Division staff on your research into 10b5-1 plan trading. We are generally interested in exploring what insights we can take from your work that might aid our efforts to identify and address potentially manipulative insider selling.

Please let me know if this invitation is of interest to you. I am happy to schedule a call at your convenience to discuss plans for the event.

Sincerely,

Geoff

**Geoffrey E. Gettinger**

Senior Counsel - Division of Enforcement

U.S. Securities and Exchange Commission

100 F Street, NE

Washington, DC 20549-5553

[b)(6)]

[b)(6)] @sec.gov

-------------------------------------------------------------------------
This message was secured by **Zix Corp** **(R)** .

This message was secured by **Zix**®.

| | |
|---|---|
| **From:** | jmitts@law.columbia.edu |
| **Sent:** | Mon, 26 Apr 2021 11:29:34 -0500 |
| **To:** | Gettinger, Geoffrey |
| **Subject:** | RE: smail Introduction and Invitation |

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

**This message was sent securely using Zix®**

Terrific! Let's do 11:30am. Do you mind calling me then? I'll be at my office -- (b)(6)        --
but as a backup my cell is (b)(6)
Best,
Josh

--- Originally sent by (b)(6)        @sec.gov on Apr 26, 2021 12:17 PM ---

**This message was sent securely using Zix ®**

Josh-

Thanks so much! Does tomorrow, either 11:30 or 3:00, work for you?

Geoff

---

**From:** jmitts@law.columbia.edu
**Sent:** Monday, April 26, 2021 12:05 PM
**To:** Gettinger, Geoffrey
**Subject:** RE: smail Introduction and Invitation

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

**This message was sent securely using Zix ®**

Hi Geoff,

Thanks very much for this kind invitation. I would be delighted to speak with your colleagues. I'm flexible this week for a call to discuss -- when would be a good time for you?

Best,

Josh

--- Originally sent by [b)(6)] @sec.gov on Apr 26, 2021 11:52 AM ---

This message was sent securely using Zix ®

Dear Professor Mitts,

It is a pleasure to meet you via email.

I recently had occasion to read your research paper, Insider Trading and Strategic Disclosure, and wanted to extend an invitation for you to speak with Enforcement Division staff on your research into 10b5-1 plan trading. We are generally interested in exploring what insights we can take from your work that might aid our efforts to identify and address potentially manipulative insider selling.

Please let me know if this invitation is of interest to you. I am happy to schedule a call at your convenience to discuss plans for the event.

Sincerely,

Geoff

**Geoffrey E. Gettinger**

Senior Counsel - Division of Enforcement

U.S. Securities and Exchange Commission

100 F Street, NE

Washington, DC 20549-5553

[b)(6)]

[b)(6)] @sec.gov

---------------------------------------------------------------------------
This message was secured by **Zix Corp** **(R)** .

This message was secured by **Zi x** ® .

---------------------------------------------------------------------------
This message was secured by **Zix Corp** **(R)** .

This message was secured by **Zix**®.

| From: | jmitts@law.columbia.edu |
|---|---|
| Sent: | Thu, 29 Apr 2021 14:51:49 -0500 |
| To: | Gettinger, Geoffrey |
| Subject: | RE: smail Quick follow-up |

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

This message was sent securely using Zix®

Hi Geoff,
This description looks great. And yes, no problem at all with recording the presentation.
Looking forward to it -- and thanks again!
Best,
Josh

--- Originally sent by [b)(6)]@sec.gov on Apr 29, 2021 3:45 PM ---

This message was sent securely using Zix ®

Hi Josh-

Two questions for you.

1) I'm preparing the invitation for your presentation now, and wanted to run the below blurb by you to make sure you were comfortable with this description:

Rule 10b5-1 was promulgated by the Commission in 2000, in part, to provide individuals or entities with an affirmative defense to insider trading liability when a trade is carried out pursuant to a preexisting contract, instruction or plan created while that individual or entity was not in possession of material non-public information. Despite the safe-harbor afforded by the rule, does Rule 10b5-1 plan trading nonetheless present the potential for abuse? What does twenty years of data tell us about the potential or opportunity for manipulative trading under the rule? A recent study conducted by our guest, Professor Joshua Mitts, demonstrates that public companies disproportionately reveal positive news on days when executives have scheduled stock sales – potentially benefiting corporate insiders to the detriment of other investors. Join us to hear Professor Mitts share his research on the correlation between positive corporate disclosures, stock price movements and corporate executive 10b5-1 plan trading, as well as his thoughts on the implications of his findings for our work in the Enforcement Division.

2) Are you amenable to us recording the presentation for those in the Division who might want to watch it at another time? Obviously, the presentation (and any recording) would only be accessible to Commission staff.

Thanks again,

Geoff

This message was secured by **Zix** ® .

This message was secured by **Zix**®.

**From:**       Jackson, Rob
**Sent:**       Thu, 22 Feb 2018 09:43:15 -0500
**To:**         Cain, Matthew;jmitts@law.columbia.edu
**Subject:**    An Introduction


Introducing two friends who should know each other: Matt Cain and Professor Mitts (copied here). I'll leave it to you two to take it from here—many thanks!

Best,

Rob

Robert J. Jackson, Jr.
Commissioner
U.S. Securities and Exchange Commission
 (o)
_____ (c)
_____@sec.gov

**From:**        Jackson, Rob
**Sent:**        Tue, 27 Mar 2018 16:27:25 -0400
**To:**          jmitts@law.columbia.edu
**Subject:**     interesting idea


https://papers.ssrn.com/sol3/papers.cfm?abstract_id=3081638

Robert J. Jackson, Jr.
Commissioner
U.S. Securities and Exchange Commission
 (o)
(c)
@sec.gov

| | |
|---|---|
| **From:** | Khanna, Satyam |
| **Sent:** | Thu, 30 Aug 2018 12:07:05 -0400 |
| **To:** | jmitts@law.columbia.edu |
| **Cc:** | Price, Michelle (Reuters) |
| **Bcc:** | Jackson, Rob |
| **Subject:** | Introduction |

Hi Josh, hope all is well. I wanted to introduce you to Michelle Price, who is a journalist at Reuters and wrote a story today on short-selling. I had mentioned your Short and Distort paper and she was interested in chatting.

Michelle, Josh is a friend and Columbia Law professor who has studied short-selling and would be great for more background on it.

Will let you all take it from here!

Thanks,
Satyam

Satyam Khanna
SEC Commissioner Robert Jackson
(b)(6)

**From:**      Zytnick, Jonathon
**Sent:**      Wed, 18 Jul 2018 17:08:07 -0400
**To:**        jmitts@law.columbia.edu
**Subject:**   Question

Hi Josh,

Hope all is well!  I've been thinking about a question that I suspect you would be the expert on, and I was wondering if you'd have a few minutes for a phone call this week to talk about what papers are in the area.

The core of the question is this: suppose there is a planned release of market-moving information about a security.  Once the information is released, the price may jump or fall in the subsequent moments, as certain traders interpret the information almost instantaneously.  My question is why.  Who's willing to be a counterparty to the trade in such a situation?  Why would any market maker provide liquidity in the moments following planned release, given they are certainly dealing with asymmetric information?  And assuming market makers make it very difficult to trade immediately following release, is there any benefit for a trader of shaving off microseconds in the time to obtain and interpret the information release, given that the quicker she wants to trade on it, the more difficult it will be to trade?

Jonathon Zytnick
Office of SEC Commissioner Robert Jackson
(b)(6)                    (o)
(b)(6)          @sec.gov

| | |
|---|---|
| **From:** | Zytnick, Jonathon |
| **Sent:** | Wed, 18 Jul 2018 17:12:54 -0400 |
| **To:** | jmitts@law.columbia.edu |
| **Subject:** | Question |

Hi Josh,

Hope all is well!  I've been thinking about a question that I suspect you would be the expert on, and I was wondering if you'd have a few minutes for a phone call this week to talk about what papers are in the area.

The core of the question is this: suppose there is a planned release of market-moving information about a security.  Once the information is released, the price may jump or fall in the subsequent moments, as certain traders interpret the information almost instantaneously.  My question is why.  Who's willing to be a counterparty to the trade in such a situation?  Why would any market maker provide liquidity in the moments following planned release, given they are certainly dealing with asymmetric information?  And assuming market makers make it very difficult to trade immediately following release, is there any benefit for a trader of shaving off microseconds in the time to obtain and interpret the information release, given that the quicker she wants to trade on it, the more difficult it will be to trade?

Best,
Jon

Jonathon Zytnick
Office of SEC Commissioner Robert Jackson
(b)(6) (o)
(b)(6) @sec.gov

| | |
|---|---|
| **From:** | Jackson, Rob |
| **Sent:** | Mon, 19 Feb 2018 15:35:41 -0500 |
| **To:** | Hong, Victor W. |
| **Cc:** | jmitts@law.columbia.edu |
| **Subject:** | RE: 8-K Trading Gap |

Hi Victor,

So great to see you last week! And of course—I'm delighted to share this with you (so long as my coauthors are fine with that too!). I've copied my coauthor and friend, Columbia Law's Josh Mitts, on this note. I think he'll be able to point you in the right direction—and share what we can from that dataset.

I hope that's helpful, Victor. Wonderful to spend time together last week—and so look forward to my next visit to see my colleagues in San Francisco!

Best,

Rob

Robert J. Jackson, Jr.
Commissioner
U.S. Securities and Exchange Commission
(b)(6)         (o)
            (c)
(b)(6)     @sec.gov

---

**From:** Hong, Victor W.
**Sent:** Wednesday, February 14, 2018 3:31 PM
**To:** Jackson, Rob
**Subject:** 8-K Trading Gap

It was a pleasure to meet you today as your energy and enthusiasm are evident and infectious.  This is a quick note to request access to the database for your article on the 8-K trading gap.

Cheers,

Victor Hong
Staff Attorney, Enforcement
Securities and Exchange Commission
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
DD: (b)(6)
G: 415-705-2500
Fax: 415-705-2501

| | |
|---|---|
| **From:** | Hong, Victor W. |
| **Sent:** | Tue, 13 Mar 2018 16:33:27 -0400 |
| **To:** | jmitts@law.columbia.edu |
| **Cc:** | Jackson, Rob |
| **Subject:** | RE: 8-K Trading Gap |

Professor Mitts,

I'm writing to follow-up with you to obtain the dataset used for your co-authored article on the 8-K trading gap.  I'd appreciate anything you're willing to share from that.

Many thanks,

Victor Hong
Staff Attorney, Enforcement
Securities and Exchange Commission
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
DD: (b)(6)
G: 415-705-2500
Fax: 415-705-2501

---

**From:** Jackson, Rob
**Sent:** Monday, February 19, 2018 12:36 PM
**To:** Hong, Victor W.
**Cc:** jmitts@law.columbia.edu
**Subject:** RE: 8-K Trading Gap

Hi Victor,

So great to see you last week! And of course—I'm delighted to share this with you (so long as my coauthors are fine with that too!). I've copied my coauthor and friend, Columbia Law's Josh Mitts, on this note. I think he'll be able to point you in the right direction—and share what we can from that dataset.

I hope that's helpful, Victor. Wonderful to spend time together last week—and so look forward to my next visit to see my colleagues in San Francisco!

Best,

Rob

Robert J. Jackson, Jr.
Commissioner
U.S. Securities and Exchange Commission
 (o)
(c)

 @sec.gov

**From:** Hong, Victor W.
**Sent:** Wednesday, February 14, 2018 3:31 PM
**To:** Jackson, Rob
**Subject:** 8-K Trading Gap

It was a pleasure to meet you today as your energy and enthusiasm are evident and infectious.  This is a quick note to request access to the database for your article on the 8-K trading gap.

Cheers,

Victor Hong
Staff Attorney, Enforcement
Securities and Exchange Commission
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
DD:
G: 415-705-2500
Fax: 415-705-2501

| | |
|---|---|
| **From:** | Francis, Marc |
| **Sent:** | Mon, 2 Apr 2018 12:05:34 -0400 |
| **To:** | Eric L. Talley;Joshua Mitts |
| **Cc:** | Jackson, Rob;etalley@law.columbia.edu;jmitts@law.columbia.edu |
| **Subject:** | RE: SEC Visit? |

Hi Josh and Eric,

Great to hear from you!

As April is looking a bit congested on our end, what do you think about the first week of May? We have times available on both May 2nd and 3rd.

Let me know if either works!

Best,

Marc


Marc Francis
SEC Commissioner Robert J. Jackson, Jr.
(o)
(m)

**From:** Eric L. Talley [mailto:et2520@columbia.edu]
**Sent:** Monday, April 02, 2018 12:03 PM
**To:** Joshua Mitts
**Cc:** Jackson, Rob; etalley@law.columbia.edu; jmitts@law.columbia.edu; Francis, Marc
**Subject:** Re: SEC Visit?

Ditto! Thanks for the invitation, Rob; and also thanks for the shout-out in your speech.  (Much appreciated!)
This sounds like fun...

All best,
Eric


Eric Talley
Isidor & Seville Sulzbacher Professor of Law
Co-Director, Millstein Center for Global Markets and Corporate Ownership
Columbia Law School
Jerome Greene Hall #520
(office)
(mobile)

On Mon, Apr 2, 2018 at 11:42 AM, Joshua Mitts <(b)(6)                    > wrote:
Hi Rob,

Thanks so much for this kind invitation!  Eric and I would be delighted to come and tag-team the presentation.

Marc, what are some good dates and times that work on your end?

We are very much looking forward to it!

Best,
Josh


Joshua Mitts
Associate Professor of Law
Columbia Law School
Cell: (b)(6)
Email: joshua.mitts@law.columbia.edu
Web: www.joshmitts.com
Twitter: @mittslaw

On Mon, Apr 2, 2018 at 8:50 AM, Jackson, Rob <(b)(6)        @sec.gov> wrote:
Dear Eric and Josh,

I hope all's well in NYC, and that you're staying warm on the snow day! I'm writing in hopes that you'll be willing to come to Washington sometime soon and give a brown-bag lunch talk to the Staff on the basis of your terrific recent cyber paper. As you might have seen, I relied heavily on the paper in a recent speech. We're hoping to learn more about this work and would love to host you on a day in April of your choosing to get a sense for your thinking in this area.

We recently hosted your terrific new colleague Justin McCrary and I learned a great deal from him, as I always do. So here's hoping you'll be willing to come share your expertise with us. Marc (copied here) can help us find a date that works for everyone. Many thanks, guys—hope to see you both soon!

Best,

Rob

Robert J. Jackson, Jr.
Commissioner
U.S. Securities and Exchange Commission
(b)(6)                    (o)
                         (c)
(b)(6)        @sec.gov

--
BEGIN-ANTISPAM-VOTING-LINKS
------------------------------------------------------

Teach Email if this mail (ID 01VtoOHig) is spam:
Spam:
https://antispam.law.columbia.edu/canit/b.php?c=s&i=01VtoOHig&m=441baff36838&t=20180402
Not spam:
https://antispam.law.columbia.edu/canit/b.php?c=n&i=01VtoOHig&m=441baff36838&t=20180402
Forget vote:
https://antispam.law.columbia.edu/canit/b.php?c=f&i=01VtoOHig&m=441baff36838&t=20180402
------------------------------------------------------
END-ANTISPAM-VOTING-LINKS

Spam
Not spam
Forget previous vote

| | |
|---|---|
| **From:** | Francis, Marc |
| **Sent:** | Wed, 4 Apr 2018 10:32:25 -0400 |
| **To:** | Eric L. Talley |
| **Cc:** | Joshua Mitts;Jackson, Rob;etalley@law.columbia.edu;jmitts@law.columbia.edu |
| **Subject:** | RE: SEC Visit? |

Great! So, can I confirm 11AM on May 3rd?

Best,

Marc

Marc Francis
SEC Commissioner Robert J. Jackson, Jr.
(b)(6) (o)
(m)

**From:** Eric L. Talley [mailto:et2520@columbia.edu]
**Sent:** Monday, April 02, 2018 6:39 PM
**To:** Francis, Marc
**Cc:** Joshua Mitts; Jackson, Rob; etalley@law.columbia.edu; jmitts@law.columbia.edu
**Subject:** Re: SEC Visit?

Hi Marc

Both dates are doable for us, but I have to be back in NYC for various pfoofie dinner events on both those evenings.
Any chance we could do something mid-morning?  If so, perhaps May 3 works best.

Best,
Eric


Eric Talley
Isidor & Seville Sulzbacher Professor of Law
Co-Director, Millstein Center for Global Markets and Corporate Ownership
Columbia Law School
Jerome Greene Hall #520
(b)(6) (office)
(mobile)


On Mon, Apr 2, 2018 at 12:05 PM, Francis, Marc <(b)(6) @sec.gov> wrote:
Hi Josh and Eric,

Great to hear from you!

As April is looking a bit congested on our end, what do you think about the first week of May? We have times available on both May 2nd and 3rd.

Let me know if either works!

Best,

Marc


Marc Francis
SEC Commissioner Robert J. Jackson, Jr.
[b)(6)]              (o)
                     (m)

**From:** Eric L. Talley [mailto:et2520@columbia.edu]
**Sent:** Monday, April 02, 2018 12:03 PM
**To:** Joshua Mitts
**Cc:** Jackson, Rob; etalley@law.columbia.edu; jmitts@law.columbia.edu; Francis, Marc
**Subject:** Re: SEC Visit?

Ditto! Thanks for the invitation, Rob; and also thanks for the shout-out in your speech.  (Much appreciated!)
This sounds like fun...

All best,
Eric


Eric Talley
Isidor & Seville Sulzbacher Professor of Law
Co-Director, Millstein Center for Global Markets and Corporate Ownership
Columbia Law School
Jerome Greene Hall #520
[b)(6)]              (office)
                     (mobile)


On Mon, Apr 2, 2018 at 11:42 AM, Joshua Mitts <[b)(6)] @gmail.com> wrote:
Hi Rob,

Thanks so much for this kind invitation!  Eric and I would be delighted to come and tag-team the presentation.

Marc, what are some good dates and times that work on your end?

We are very much looking forward to it!

Best,
Josh


Joshua Mitts
Associate Professor of Law
Columbia Law School
Cell: [b)(6)]
Email: joshua.mitts@law.columbia.edu
Web: www.joshmitts.com
Twitter: @mittslaw

On Mon, Apr 2, 2018 at 8:50 AM, Jackson, Rob <[b)(6)] @sec.gov> wrote:
Dear Eric and Josh,

I hope all's well in NYC, and that you're staying warm on the snow day! I'm writing in hopes
that you'll be willing to come to Washington sometime soon and give a brown-bag lunch talk to
the Staff on the basis of your terrific recent cyber paper. As you might have seen, I relied heavily
on the paper in a recent speech. We're hoping to learn more about this work and would love to
host you on a day in April of your choosing to get a sense for your thinking in this area.

We recently hosted your terrific new colleague Justin McCrary and I learned a great deal from
him, as I always do. So here's hoping you'll be willing to come share your expertise with us.
Marc (copied here) can help us find a date that works for everyone. Many thanks, guys—hope to
see you both soon!

Best,

Rob

Robert J. Jackson, Jr.
Commissioner
U.S. Securities and Exchange Commission
[b)(6)]               (o)
                      (c)
[b)(6)]       @sec.gov


--
BEGIN-ANTISPAM-VOTING-LINKS
-------------------------------------------------------

Teach Email if this mail (ID 01VtoOHig) is spam:
Spam:
https://antispam.law.columbia.edu/canit/b.php?c=s&i=01VtoOHig&m=441baff36838&t=20180
402

Not spam:
https://antispam.law.columbia.edu/canit/b.php?c=n&i=01VtoOHig&m=441baff36838&t=20180402
Forget vote:
https://antispam.law.columbia.edu/canit/b.php?c=f&i=01VtoOHig&m=441baff36838&t=20180402
--------------------------------------------------------
END-ANTISPAM-VOTING-LINKS

Spam
Not spam
Forget previous vote

**From:**      Jackson, Rob
**Sent:**      Mon, 2 Apr 2018 08:50:38 -0400
**To:**        etalley@law.columbia.edu;jmitts@law.columbia.edu;Francis, Marc
**Subject:**   SEC Visit?


Dear Eric and Josh,

I hope all's well in NYC, and that you're staying warm on the snow day! I'm writing in hopes that you'll be willing to come to Washington sometime soon and give a brown-bag lunch talk to the Staff on the basis of your terrific recent cyber paper. As you might have seen, I relied heavily on the paper in a recent speech. We're hoping to learn more about this work and would love to host you on a day in April of your choosing to get a sense for your thinking in this area.

We recently hosted your terrific new colleague Justin McCrary and I learned a great deal from him, as I always do. So here's hoping you'll be willing to come share your expertise with us. Marc (copied here) can help us find a date that works for everyone. Many thanks, guys—hope to see you both soon!

Best,

Rob

Robert J. Jackson, Jr.
Commissioner
U.S. Securities and Exchange Commission
(b)(6)                (o)
                      (c)
(b)(6)        @sec.gov

**From:**          Yerramalli, Prashant
**Sent:**          Mon, 20 Aug 2018 11:00:32 -0400
**To:**            jmitts@law.columbia.edu
**Subject:**       Insider Trading

Hi Josh,
I am one of Rob Jackson's counsels. He asked me to touch base with you about some ideas you have about whistleblowing and insider trading. When is a good time for you to chat this afternoon?

Best,
Prashant

**From:**      Khanna, Satyam
**Sent:**      Tue, 9 Mar 2021 10:45:42 -0500
**To:**        'jmitts@law.columbia.edu'
**Subject:**   Catching Up

Hi Josh,

Hope all is well! I wanted to see if you had a few minutes to catch up today or tomorrow. Nothing urgent, but let me know if there's a good time for me to call. Thanks and speak with you soon!

Best,
Satyam

Satyam Khanna

b)(6)      @sec.gov

**From:**          Khanna, Satyam
**Sent:**          Thu, 27 Jun 2019 12:56:09 -0400
**To:**            (b)(6)
**Bcc:**           (b)(6)
(b)(6)

(b)(6)

(b)(6)

(b)(6)

mitts@law.columbia.edu; (b)(6)

(b)(6)

(b)(6)

**Subject:**               Farewell

Dear all,

Tomorrow is my last day at the SEC. It's been such an honor to serve as Counsel to Commissioner Rob Jackson and to work with the talented Staff of the SEC. I'm incredibly grateful for the opportunity.

Going forward, you can reach me at (b)(6)                          I look forward to staying in touch!

Many thanks,
Satyam

Satyam Khanna
SEC Commissioner Robert Jackson
(b)(6)

# EXHIBIT F



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
STATION PLACE
100 F STREET, NE
WASHINGTON, DC 20549-2465

**Office of FOIA Services**

May 16, 2022

Mr. Thomas R. Burke
Davis Wright Tremaine LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111-6533

     Re:   Freedom of Information Act (FOIA), 5 U.S.C. § 552
          Request No. **22-01905-FOIA**

Dear Mr. Burke:

This letter is an acknowledgment of your FOIA request dated May 13, 2022, and received in this office on May 16, 2022, for records regarding any documents or communications, including but not limited to correspondence, email, contracts, and invoices, relating to consulting services provided by Joshua Mitts and/or M. Analytics from January 1, 2018 to the present.

Your request has been assigned tracking number 22-01905-FOIA. Your request will be assigned to a Research Specialist for processing and you will be notified of the findings as soon as possible. If you do not receive a response after thirty business days from when we received your request, you have the right to seek dispute resolution services from an SEC FOIA Public Liaison or the Office of Government Information Services (OGIS). A list of SEC FOIA Public Liaisons can be found on our agency website at https://www.sec.gov/oso/contact/foia-contact.html. OGIS can be reached at 1-877-684-6448 or Archives.gov or via email at ogis@nara.gov.

In the interim, if you have any questions about your request, you may contact this office by calling (202) 551-7900, or sending an e-mail to foiapa@sec.gov. Please refer to your tracking number when contacting us.

For additional information, please visit our website at www.sec.gov and follow the FOIA link at the bottom.

          Sincerely,

          Office of FOIA Services

# EXHIBIT G



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
STATION PLACE
100 F STREET, NE
WASHINGTON, DC  20549-2465

**Office of FOIA Services**

June 1, 2022

Mr. Thomas R. Burke
Davis Wright Tremaine LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111-6533

     Re:  Freedom of Information Act (FOIA), 5 U.S.C. § 552
          Request No. **22-01905-FOIA**

Dear Mr. Burke:

This letter is in response to your request, dated May 13, 2022 and received in this office on May 16, 2022, for any documents or communications, including but not limited to correspondence, email, contracts, and invoices, relating to consulting services provided by Joshua Mitts and/or M. Analytics from January 1, 2018 to the present.

Based on the information you provided in your letter, we conducted a thorough search of the SEC's various systems of records and consulted with SEC staff, but did not locate or identify any information responsive to your request.

If you still have reason to believe that the SEC maintains the type of information you seek, please provide us with additional information, which could prompt another search. Otherwise, we conclude that no responsive information exists and we consider this request to be closed.

You have the right to appeal the adequacy of our search or finding of no responsive information to the SEC's General Counsel under 5 U.S.C. § 552(a)(6), 17 CFR § 200.80(f)(1).  The appeal must be received within ninety (90) calendar days of the date of this adverse decision. Your appeal must be in writing, clearly marked "Freedom of Information Act Appeal," and should identify the requested records. The appeal may include facts and authorities you consider appropriate.

You may file your appeal by completing the online Appeal form located at https://www.sec.gov/forms/request_appeal, or mail your appeal to the Office of FOIA Services of the Securities and Exchange Commission located at Station Place, 100 F Street NE, Mail Stop 2465, Washington, D.C. 20549, or deliver it to Room 1120 at that address.

Mr. Thomas R. Burke                          22-01905-FOIA
June 1, 2022
Page 2


        If you have any questions, please contact me at
jacksonw@sec.gov or (202) 551-8312.  You may also contact me at
foiapa@sec.gov or (202) 551-7900.  You may also contact the
SEC's FOIA Public Service Center at foiapa@sec.gov or (202) 551-
7900.  For more information about the FOIA Public Service Center
and other options available to you please see the attached
addendum.


                            Sincerely,

                            Warren E. Jackson
                            Lead FOIA Research Specialist


Enclosure

# ADDENDUM

For further assistance you can contact a SEC FOIA Public Liaison by calling (202) 551-7900 or visiting https://www.sec.gov/oso/help/foia-contact.html .

SEC FOIA Public Liaisons are supervisory staff within the Office of FOIA Services.  They can assist FOIA requesters with general questions or concerns about the SEC's FOIA process or about the processing of their specific request.

In addition, you may also contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA dispute resolution services it offers.  OGIS can be reached at 1-877-684-6448 or via e-mail at ogis@nara.gov.  Information concerning services offered by OGIS can be found at their website at Archives.gov.  Note that contacting the FOIA Public Liaison or OGIS does not stop the 90-day appeal clock and is not a substitute for filing an administrative appeal.

# EXHIBIT H



**Davis Wright Tremaine LLP**

Suite 800
505 Montgomery Street
San Francisco, CA 94111-6533

**Thomas R. Burke**
415.276.6552 tel
415.276.6599 fax

thomasburke@dwt.com

August 26, 2022

**_Sent via Federal Express & Email_**

Office of FOIA Services
Securities and Exchange Commission
100 F Street NE, Mail Stop 2465
Washington, DC 20549
e-mail:      foiapa@sec.gov

**Re:     Freedom of Information Act Administrative Appeal
          FOIA Request No. 22-01905-FOIA**

Dear Sir or Madam:

This firm represents Carson C. Block in connection with the above-referenced Freedom of Information Act ("FOIA") request to the Securities and Exchange Commission (the "SEC"). I am writing to appeal the SEC's response and determination under FOIA of Mr. Block's May 13, 2022 FOIA Request.[1]  Exs. A, B.

On May 13, 2022, Mr. Block submitted a FOIA request seeking the following documents:

1.  All email correspondence sent to, from or copied between any SEC email addresses used within the U.S. Securities and Exchange Commission and any of the following:  Marc Cohodes, Joshua Mitts, Marlon Paz, or M. Analytics, or anyone using the domain "@mofo.com" from January 1, 2018, to the present; and

2.  Any documents or communications, including but not limited to correspondence, email, contracts, and invoices, relating to consulting services provided by Joshua Mitts and/or M. Analytics from January 1, 2018 to the present.

On June 1, 2022, the SEC sent a letter confirming that Mr. Block's request was received on May 16, 2022.  The SEC assigned tracking number 22-01905-FOIA to Mr. Block's second

---

[1] For ease of reference, Mr. Block's FOIA request is attached as Exhibit A, and the SEC's final response to that request is attached as Exhibit B.

**DWT.COM**

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

Office of FOIA Services
Securities and Exchange Commission
August 26, 2022
Page 2

request.[2]  In its letter, the SEC stated that it was not able to identify any information responsive to the Request.

Based on our client's familiarity with the subject matter of this request, it is dubious that the SEC has located no responsive records.  It's a matter of public record that Professor Mitts submitted rule proposals to the SEC intended to regulate short-sellers.  He has admitted publicly that he has made presentations to SEC staff about short-sellers.  See https://www.theglobeandmail.com/business/article-sec-osc-narrowing-in-on-abusive-short-selling-practices-against/.  Additionally, Professor Mitts continues to maintain a LinkedIn page and Twitter account for M Analytics, in which he references his consulting work on regulatory investigations.  See https://twitter.com/manalyticsco.

Consequently, Mr. Block challenges the adequacy of the SEC's search and strongly believes that there are documents responsive to the Request that the SEC has failed to locate.

The Freedom of Information Act arose from concerns over the "mushrooming growth of Government secrecy."  H.R. Rep. No. 89-1497, at 2 (1966).  It "'focuses on the citizens' right to be informed about 'what their government is up to,'" by requiring the release of "[o]fficial information that sheds light on agency's performance of its statutory duties."  *DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 750, 773 (1989) (citation omitted).

To the extent the SEC continues to maintain that it has no documents responsive to Mr. Block's Request, we are prepared to fully pursue the public's right of access to these documents through litigation.  We hope that such action will not be necessary.

Please do not hesitate to contact us if you have any questions about this appeal at (415) 276-6552, or via email at thomasburke@dwt.com.

Sincerely,

Davis Wright Tremaine LLP

Thomas R. Burke

---

[2] The SEC assigned the first request tracking number 22-01904-FOIA.  That request is not the subject of this administrative appeal.

# EXHIBIT A



Suite 800
505 Montgomery Street
San Francisco, CA  94111-6533

**Thomas R. Burke**
(415) 276-6552 tel
(415) 276-6599 fax

thomasburke@dwt.com

May 13, 2022

***Sent via electronic mail***
***mcinerneyr@sec.gov***
***foiapa@sec.gov***

Ray J. McInerney, FOIA Officer
U.S. Securities and Exchange Commission
Office of FOIA Services
100 F Street, NE, Mail Stop 2465
Washington, DC 20549-2465

Re:      Freedom of Information Act Request

Dear Sir/Madam:

Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, on behalf of our client Carson C. Block, we request access to the following documents:

• All email correspondence sent to, from or copied between any SEC email addresses used within the U.S. Securities and Exchange Commission and any of the following:  Marc Cohodes, Joshua Mitts, Marlon Paz, or M. Analytics, or anyone using the domain "@mofo.com" from January 1, 2018, to the present.

• Any documents or communications, including but not limited to correspondence, email, contracts, and invoices, relating to consulting services provided by Joshua Mitts and/or M. Analytics from January 1, 2018 to the present.

Our client is willing and able to pay any applicable fees associated with this request but we request notification if such fees exceed $500. If a portion of the information we have requested is exempt from disclosure by express provisions of law, 5 U.S.C. § 552(b) requires segregation and deletion of that material so the remainder of the information can be released.  If you determine an express provision of law exempts from disclosure all or a portion of the material we have requested, 5 U.S.C. § 552(a)(6)(A)(i) requires notification to us of the reasons for the determination not later than 20 days from your receipt of this request.

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

Ray J. McInerney, FOIA Officer
U.S. Securities and Exchange Commission
May 13, 2022
Page 2


     **Please be advised that our client retracts its initial FOIA requests, sent on April 6, 2022 (Response not yet received; Request No. not yet issued.), and May 6, 2022 (Request No. 22-01864-FOIA).**

     Thank you for your prompt attention to this request, and we look forward to a response within the statutory 20-day period.

Sincerely,

Davis Wright Tremaine LLP


Thomas R. Burke

# EXHIBIT B



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
STATION PLACE
100 F STREET, NE
WASHINGTON, DC  20549-2465

**Office of FOIA Services**

June 1, 2022

Mr. Thomas R. Burke
Davis Wright Tremaine LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111-6533

Re:  Freedom of Information Act (FOIA), 5 U.S.C. § 552
Request No. **22-01905-FOIA**

Dear Mr. Burke:

This letter is in response to your request, dated May 13, 2022 and received in this office on May 16, 2022, for any documents or communications, including but not limited to correspondence, email, contracts, and invoices, relating to consulting services provided by Joshua Mitts and/or M. Analytics from January 1, 2018 to the present.

Based on the information you provided in your letter, we conducted a thorough search of the SEC's various systems of records and consulted with SEC staff, but did not locate or identify any information responsive to your request.

If you still have reason to believe that the SEC maintains the type of information you seek, please provide us with additional information, which could prompt another search. Otherwise, we conclude that no responsive information exists and we consider this request to be closed.

You have the right to appeal the adequacy of our search or finding of no responsive information to the SEC's General Counsel under 5 U.S.C. § 552(a)(6), 17 CFR § 200.80(f)(1).  The appeal must be received within ninety (90) calendar days of the date of this adverse decision. Your appeal must be in writing, clearly marked "Freedom of Information Act Appeal," and should identify the requested records. The appeal may include facts and authorities you consider appropriate.

You may file your appeal by completing the online Appeal form located at https://www.sec.gov/forms/request_appeal, or mail your appeal to the Office of FOIA Services of the Securities and Exchange Commission located at Station Place, 100 F Street NE, Mail Stop 2465, Washington, D.C. 20549, or deliver it to Room 1120 at that address.

Mr. Thomas R. Burke                          22-01905-FOIA
June 1, 2022
Page 2


        If you have any questions, please contact me at
jacksonw@sec.gov or (202) 551-8312.  You may also contact me at
foiapa@sec.gov or (202) 551-7900.  You may also contact the
SEC's FOIA Public Service Center at foiapa@sec.gov or (202) 551-
7900.  For more information about the FOIA Public Service Center
and other options available to you please see the attached
addendum.


                          Sincerely,



                          Warren E. Jackson
                          Lead FOIA Research Specialist


Enclosure

# ADDENDUM

For further assistance you can contact a SEC FOIA Public Liaison by calling (202) 551-7900 or visiting https://www.sec.gov/oso/help/foia-contact.html.

SEC FOIA Public Liaisons are supervisory staff within the Office of FOIA Services.  They can assist FOIA requesters with general questions or concerns about the SEC's FOIA process or about the processing of their specific request.

In addition, you may also contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA dispute resolution services it offers.  OGIS can be reached at 1-877-684-6448 or via e-mail at ogis@nara.gov.  Information concerning services offered by OGIS can be found at their website at Archives.gov.  Note that contacting the FOIA Public Liaison or OGIS does not stop the 90-day appeal clock and is not a substitute for filing an administrative appeal.

# EXHIBIT I

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C. 20549

OFFICE OF THE
GENERAL COUNSEL

Stop 9613                                                                September 6, 2022

*Via electronic mail*
thomasburke@dwt.com

Mr. Thomas R. Burke, Esq.
Davis Wright Tremaine LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111-6533

Re:    Appeal, Freedom of Information Act Request No. 22-01905-FOIA, designated on
       appeal as No. 22-00540-APPS

Dear Mr. Burke:

This responds to your Freedom of Information Act (FOIA) appeal, on behalf of your
client Carson Block, of the FOIA Officer's denial of your May 13, 2022 FOIA request for "[a]ny
documents or communications, including but not limited to correspondence, email, contracts,
and invoices, relating to consulting services provided by Joshua Mitts and/or M. Analytics from
January 1, 2018 to the present."  By letter dated June 1, 2022, the FOIA Office informed you that
its search did not locate any responsive records.

On August 26, 2022, you filed this FOIA appeal challenging the adequacy of the search.
You state that "[b]ased on our client's familiarity with the subject matter of this request, it is
dubious that the SEC has located no responsive records."  You also assert that "[i]t's a matter of
public record that Professor Mitts submitted rule proposals to the SEC intended to regulate short-
sellers" and that "he has admitted publicly that he has made presentations to SEC staff about
short-sellers."  I have considered your appeal, and it is denied.

The FOIA requires agencies to conduct a reasonable search for records responsive to a
request.[1]  In responding to your request, FOIA Office staff interpreted your FOIA request to seek
documents about consulting services that the SEC hired Professor Mitts or M. Analytics to
provide.  Consequently, FOIA Office staff contacted staff within the SEC's Office of

---

[1] *See Porup v. CIA*, 997 F.3d 1224, 1237 (D.C. Cir. 2021); *see also DiBacco v. Dep't of the Army*, 926 F.3d 827,
832-33 (D.C. Cir. 2019) (agency's "search efforts [must be] reasonable and logically organized to uncover relevant
documents but [ ] need not knock down every search design advanced by every requester") (internal quotations
omitted).

Acquisitions to identify any responsive records.  Staff in the Acquisitions Office informed the FOIA Office that it searched its database for contracts and did not locate any responsive records, including contracts or invoices with Professor Mitts or M. Analytics, for the period of January 1, 2018 to the present. I find that this was a reasonable search for documents about "consulting services," as a consultant is commonly understood to refer to a person who provides advice for a fee.  *See, e.g.,* https://www.thefreedictionary.com/consulting+service (defining "consulting services" as "service provided by a professional advisor").  In the absence of a contract indicating Professor Mitts or M. Analytics had provided consulting services, the FOIA Office had no reason to look further for documents or communications (including correspondence, emails, contracts, and invoices) relating to consulting services.

On appeal, you refer to communications that do not come within the FOIA Office's reasonable interpretation of "consulting services": rule proposals that Professor Mitts submitted to the SEC and a presentation to the SEC.  The article you cite regarding Professor Mitts' presentation to the SEC states that he was "advising several companies that have met with" the SEC, indicating he was advocating for companies, not providing consulting services to the SEC. Accordingly, I find that the SEC's search for responsive records was reasonably calculated to locate the requested records and information.

Should you or your client seek records other than ones relating to consulting services provided by Professor Mitts or M. Analytics, you may file a new FOIA request at https://www.sec.gov/page/office-foia-services.

You have the right to seek judicial review of my determination by filing a complaint in the United States District Court for the District of Columbia or in the district where you reside or have your principal place of business.[2]  Voluntary mediation services as a non-exclusive alternative to litigation are also available through the National Archives and Records Administration's Office of Government Information Services (OGIS).  For more information, please visit www.archives.gov/ogis or contact OGIS at ogis@nara.gov or 1-877-684-6448.

If you have any questions concerning my determination, please contact Mark Tallarico, Senior Counsel, at 202-551-5132.

For the Commission
by delegated authority,

Melinda Hardy
Assistant General Counsel for
 Litigation and Administrative Practice

---

[2] *See* 5 U.S.C. § 552(a)(4)(B).

# EXHIBIT J



23rd Floor
50 California Street
San Francisco, CA  94111

**Thomas R. Burke**
415.276.6552 tel
415.276.6599 fax

thomasburke@dwt.com

June 7, 2023

***Sent via electronic mail***
*mcinerneyr@sec.gov*
*foiapa@sec.gov*

Ray J. McInerney, FOIA Officer
U.S. Securities and Exchange Commission
Office of FOIA Services
100 F Street, NE, Mail Stop 2465
Washington, DC 20549-2465

      Re:    Freedom of Information Act Request

Dear Sir/Madam:

      Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, on behalf of our client Carson C. Block, we request access to the following documents:

- All email correspondence sent to, from, or copied between any SEC email address used within the U.S. Securities and Exchange Commission and any of the following:  Manual Abascal (manny.abascal@lw.com), Marlon Paz (marlon.paz@lw.com, including any email addresses with the domains "@mayerbrown.com" or "@sewkis.com"), or Alex Wyman, or anyone using the domain "@lw.com," from January 1, 2018 to the present.

- All email correspondence sent to, from, or copied between any SEC email address used within the U.S. Securities and Exchange Commission and any of the following: The Change Company, Steven A. Sugarman, Theodora Nickel, Jeff Seabold, Carlos Salas, Ted Ray, Angie Miranda, Mario De Tomasi, Adam Levine, Lindsay Valdeon, or anyone using the domain "@thechangecompany.com," from January 1, 2018 to the present.

- All visitor logs related to or identifying any of the following:  Manual Abascal (alternatively, Manny Abascal), Marlon Paz, Alex Wyman, Steven A. Sugarman, Theodora Nickel, Jeff Seabold, Carlos Salas, Ted Ray, Angie Miranda, Mario De Tomasi, Adam Levine, Lindsay Valdeon, from January 1, 2018 to the present.

      Our client is willing and able to pay any applicable fees associated with this request, but we request notification if such fees exceed $500.  If a portion of the information we have requested is exempt from disclosure by express provisions of law, 5 U.S.C. § 552(b) requires segregation and deletion of that material so the remainder of the information can be released.  If

Ray J. McInerney, FOIA Officer
U.S. Securities and Exchange Commission
June 7, 2023
Page 2


you determine an express provision of law exempts from disclosure all or a portion of the
material we have requested, 5 U.S.C. § 552(a)(g)(A)(i) requires notification to us of the reasons
for the determination not later than 20 days from your receipt of this request.

Thank you for your prompt attention to this request.  We look forward to a response
within the statutory 20-day period.



Sincerely,

Davis Wright Tremaine LLP

Thomas R. Burke


cc:     Megan C. Amaris, meganamaris@dwt.com

# EXHIBIT K



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
STATION PLACE
100 F STREET, NE
WASHINGTON, DC  20549-2465

**Office of FOIA Services**

June 8, 2023

Mr. Thomas R. Burke
Davis Wright Tremaine LLP
 50 California Street, 23rd Floor
San Francisco, CA 94111-6533

    Re:  Freedom of Information Act (FOIA), 5 U.S.C. § 552
       Request No. **23-02498-FOIA (2 of 3)**

Dear Mr. Burke:

    This letter is an acknowledgment of your FOIA request dated June 7, 2023, and received in this office on June 8, 2023, for records regarding all email correspondence sent to, from, or copied between any SEC email address used within the U.S. Securities and Exchange Commission and any of the following: The Change Company, Steven A. Sugarman, Theodora Nickel, Jeff Seabold, Carlos Salas, Ted Ray, Angie Miranda, Mario De Tomasi, Adam Levine, Lindsay Valdeon, or anyone using the domain "@thechangecompany.com," from January 1, 2018 to the present.

    Your request has been assigned tracking number 23-02498-FOIA.  Your request will be assigned to a Research Specialist for processing and you will be notified of the findings as soon as possible.  If you do not receive a response after thirty business days from when we received your request, you have the right to seek dispute resolution services from an SEC FOIA Public Liaison or the Office of Government Information Services (OGIS).  A list of SEC FOIA Public Liaisons can be found on our agency website at https://www.sec.gov/oso/contact/foia-contact.html.  OGIS can be reached at 1-877-684-6448 or Archives.gov or via email at ogis@nara.gov.

    In the interim, if you have any questions about your request, you may contact this office by calling (202) 551-7900, or sending an e-mail to foiapa@sec.gov.  Please refer to your tracking number when contacting us.

    For additional information, please visit our website at www.sec.gov and follow the FOIA link at the bottom.

               Sincerely,

               Office of FOIA Services

# EXHIBIT L

**Amaris, Megan**

| | |
|---|---|
| **From:** | Amaris, Megan |
| **Sent:** | Wednesday, July 26, 2023 3:07 PM |
| **To:** | Hansen, Joel |
| **Cc:** | Katilius, Lizzette; Lewis, Aysha; Burke, Thomas |
| **Subject:** | RE: SEC FOIA requests 23-02497-FOIA-23-02499-FOIA |

Hi Joel:

Please see below the information you requested:

- The email address for Alex Wyman is alex.wyman@lw.com.
- Please use the following search terms for Request No. 23-02497-FOIA:
  - Short selling;
  - Short seller;
  - Short sale;
  - Short activism;
  - Carson Block;
  - Muddy Waters;
  - Sugarman; or
  - Banc of California.
- The relevant domain for the names listed in Request No. 23-02498-FOIA is "@thechangecompany.com."

Please let us know if you have any additional questions.  We look forward to hearing back from you.


**Megan C. Amaris** | Davis Wright Tremaine LLP
50 California Street, 23rd Floor | San Francisco, CA 94111
Tel: (415) 276-6531 | Fax: (415) 276-6599
Email: meganamaris@dwt.com | Website: www.dwt.com

---

**From:** Burke, Thomas <THOMASBURKE@dwt.com>
**Sent:** Tuesday, July 18, 2023 1:34 PM
**To:** Hansen, Joel <HansenJo@sec.gov>
**Cc:** Katilius, Lizzette <KatiliusL@sec.gov>; Amaris, Megan <MeganAmaris@dwt.com>; Lewis, Aysha <AyshaLewis@dwt.com>
**Subject:** Re: SEC FOIA requests 23-02497-FOIA-23-02499-FOIA

Thank you.  Either I or my DWT colleague Megan will follow-up after we consult with our clients.

**Thomas R. Burke** | Davis Wright Tremaine LLP
Partner, Media Law Practice
50 California Street, 23rd Floor | San Francisco, CA 94111
Tel: (415) 276-6552 | Fax: (415) 489-9052 | Mobile: (415) 519-3406
Email: thomasburke@dwt.com | Website: www.dwt.com
Bio: www.dwt.com/people/ThomasRBurke
See our  Climate and Sustainability Commitment

Anchorage | Bellevue | Chicago | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.
[M]

1

On Jul 18, 2023, at 5:25 PM, Hansen, Joel <HansenJo@sec.gov> wrote:

**[EXTERNAL]**

Mr. Burke I would like to provide you with an update to your requests above.

**23-02497-FOIA -23-02498-FOIA:**

So we may conduct a full and accurate search we require the following information. Once we have this information we will begin our search.

| 23-02497-FOIA | Davis Wright Tremaine LLP | 1. all email correspondence sent to, from, or copied between any SEC email address used within the U.S. Securities and Exchange Commission and any of the following: Manual Abascal (manny.abascal@lw.com), Marlon Paz (marlon.paz@lw.com, including any email addresses with the domains "@mayerbrown.com" or "@sewkis.com"), or Alex Wyman, or anyone using the domain "@lw.com," from January 1, 2018 to the present | Please provide the email address for Alex Wyman |
|---|---|---|---|
| 23-02498-FOIA | Davis Wright Tremaine LLP | 2. All email correspondence sent to, from, or copied between any SEC email address used within the U.S. Securities and Exchange Commission and any of the following: The Change Company, Steven A. Sugarman, Theodora Nickel, Jeff Seabold, Carlos Salas, Ted Ray, Angie Miranda, Mario De Tomasi, Adam Levine, Lindsay Valdeon, or anyone using the domain "@thechangecompany.com," from January 1, 2018 to the present | Please provide the email addresses or domains for the highlighted |

To provide a little context, when performing an electronic search, we have to use specified keywords to define the terms.  This can be searching for an individual, a word, or both.  Once those keywords are assigned a search will commence of the various data bases.  Our system will then comb through various systems of records seeking the assigned keyword/email address or domains within emails or an attachments to emails, or various other types of records. It has been our experience that certain keywords such could lead to an overwhelming amount of returns which further delays the process and may ultimately push the request to our complex processing track. If you have certain keywords you would like to use in our search please provide those. Please be aware the more general the search term is the more burdensome the search and review becomes.

**23-02499-FOIA:**

We have begun processing this request, once we have the finding we will let you know.

Regards,

Joel Hansen
Office of FOIA Services
U.S. Securities & Exchange Commission
100 F. Street, N.E., Suite 2803
Washington, DC 20549-2465
(202) 551-8377

# EXHIBIT M



Suite 800
505 Montgomery Street
San Francisco, CA  94111-6533

**Thomas R. Burke**
(415) 276-6552 tel
(415) 276-6599 fax

thomasburke@dwt.com

May 13, 2022

***Sent via electronic mail***
*MRUFOIA.Requests@usdoj.gov*

U.S. Attorney's Office, Criminal Division
Central District of California
c/o Kevin Krebs, Assistant Director, FOIA/Privacy Unit
Executive Office for United States Attorneys
175 N Street, NE, Suite 5.400
Washington, DC 20530-0001

Re:     Freedom of Information Act Request

Dear Sir/Madam:

Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, on behalf of our client Carson C. Block, we request access to the following documents:

- All email correspondence sent to, from or copied between any DOJ email addresses used within the Criminal Division of the Justice Department, including but not limited to correspondence sent to, from or copied between the U.S. Attorney's Office for the Central District of California, Criminal Division, and any of the following:  Marc Cohodes, Joshua Mitts, Marlon Paz, or M. Analytics, or anyone using the domain "@mofo.com" from January 1, 2018, to the present.

- Any documents or communications, including but not limited to correspondence, email, contracts, and invoices, relating to consulting services provided by Joshua Mitts and/or M. Analytics from January 1, 2018 to the present.

Our client is willing and able to pay any applicable fees associated with this request but we request notification if such fees exceed $500. If a portion of the information we have requested is exempt from disclosure by express provisions of law, 5 U.S.C. § 552(b) requires segregation and deletion of that material so the remainder of the information can be released.  If you determine an express provision of law exempts from disclosure all or a portion of the material we have requested, 5 U.S.C. § 552(a)(6)(A)(i) requires notification to us of the reasons for the determination not later than 20 days from your receipt of this request.

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

Kevin Krebs, Assistant Director, FOIA/Privacy Unit
Executive Office for United States Attorneys
May 13, 2022
Page 2


     **Please be advised that our client retracts its initial FOIA requests, sent on April 6, 2022 (Request No. EOUSA-2022-001622; DOJ Tracking No. EMRUFOIA040622-2), and May 6, 2022 (Response not yet received; Request/Tracking No. not yet issued.).**

     Thank you for your prompt attention to this request, and we look forward to a response within the statutory 20-day period.

Sincerely,

Davis Wright Tremaine LLP

Thomas R. Burke

# EXHIBIT N



**U.S. Department of Justice**

Criminal Division

---

*Office of Enforcement Operations*                    *Washington, D.C. 20530*

**VIA Electronic Mail**                              January 17, 2023

Thomas Burke, Esquire
Davis Wright Tremaine LLP
Suite 800
505 Montgomery Street                    Request No. CRM-301760741
San Francisco, CA  94111                 Subject: Marlon Paz, Marc Cohodes, Joshua
thomasburke@dwt.com                               Mitts, and related topics

Dear Mr. Burke:

The Criminal Division acknowledges receipt of your Freedom of Information Act request dated May 13, 2022. Your request was received in this Office on October 13, 2022. In that request, you asked for access to records concerning the above-mentioned subject. Your request has been assigned file number CRM-301760741. You should refer to this number in any future correspondence with this Office.

This is in response to your request for records regarding Marlon Paz, Marc Cohodes, Joshua Mitts, and related topics. Please be advised that I have decided to neither confirm nor deny the existence of such records pursuant to Exemptions 6 and 7(C) of the FOIA. 5 U.S.C. § 552(b)(6), (7)(C). Even to acknowledge the existence of law enforcement records regarding another individual could reasonably be expected to constitute an unwarranted invasion of personal privacy. This is our standard response to such requests and should not be taken to mean that records do, or do not, exist. Accordingly, I cannot confirm nor deny the existence of records responsive to your request.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S.C. § 552(c). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may contact our FOIA Public Liaison at the (202) 616-0307 for any further assistance and to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

2

If you are not satisfied with the Criminal Division's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account on the following website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.  Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Christina Butler
Chief
FOIA/PA Unit

# EXHIBIT O



23rd Floor
50 California Street
San Francisco, CA  94111

**Thomas R. Burke**
415.276.6552 tel
415.276.6599 fax

thomasburke@dwt.com

April 3, 2023

**_Sent via Federal Express_**

Director, Office of Information Policy (OIP)
United States Department of Justice
441 G Street, NW, 6th Floor
Washington, D.C., 20530

**Re:    Freedom of Information Act Administrative Appeal
          FOIA Request No. CRM-301760741**

Dear Sir or Madam:

This law firm represents Carson Block in connection with the above-referenced Freedom of Information Act ("FOIA") request to the Department of Justice (the "DOJ").  I am writing to appeal the DOJ's response and determination under FOIA of Mr. Block's May 13, 2022 FOIA Request.[1]  Exs. A, B.

**A.    Background**

On May 13, 2022, Mr. Block submitted a FOIA request seeking the following documents:

1.    All email correspondence sent to, from or copied between any DOJ email addresses used within the Criminal Division of the Justice Department, including but not limited to correspondence sent to, from or copied between the U.S. Attorney's Office for the Central District of California, Criminal Division, and any of the following:  Marc Cohodes, Joshua Mitts, Marlon Paz, or M. Analytics, or anyone using the domain "@mofo.com" from January 1, 2018, to the present.

2.    Any documents or communications, including but not limited to correspondence, email, contracts, and invoices, relating to consulting services provided by Joshua Mitts and/or M. Analytics from January 1, 2018 to the present.

On January 17, 2023, the DOJ sent a letter confirming that Mr. Block's request was received on October 13, 2022 and assigning tracking number CRM-301760741 to Mr. Block's

---

[1] For ease of reference, Mr. Block's FOIA Request is attached as Exhibit A, and the DOJ's final response to that request is attached as Exhibit B.

Director, Office of Information Policy (OIP)
United States Department of Justice
April 3, 2023
Page 2

request (the "Response").  In its letter, the DOJ stated that it would "neither confirm nor deny the existence of such records pursuant to Exemptions 6 and 7(C) of the FOIA."  Ex. B.

**B.      The DOJ Failed to Provide Any Meaningful Explanation for the Exemptions Claimed and Adopted An Overbroad View of FOIA Exemptions.**

Federal agencies bear the burden of justifying any exemptions under FOIA, *Campbell v. DOJ*, 164 F.3d 20, 30 (D.C. Cir. 1999), and "[c]onclusory and generalized" explanations are "unacceptable as a means of sustaining the burden of nondisclosure." *Nat'l Parks & Conserv. Ass'n v. Klepper*, 547 F.2d 673, 680 (D.C. Cir. 1976).  The requirement that agencies provide meaningful explanation for withholding records that are presumed disclosable unless it fits within a specific FOIA exemption is critical, as "Congress enacted FOIA to promote a policy of broad disclosure of Government documents" and to "ensure an informed citizenry, vital to the functioning of a democratic society."  *Center for Pub. Integrity v. Dep't of Energy*, 191 F. Supp. 2d 187, 189 (D.D.C. Cir. 2002) (citation and internal quotation marks omitted).  In this regard, the "limited exceptions" in § 552(b) "do not obscure the basic policy that disclosure, not secrecy, is the dominant objective of" FOIA.  *Dep't of the Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001).  This basic policy "focuses on the citizens' right to be informed about 'what their government is up to.'"  *Dep't of Justice v. Reporters Comm. For Freedom of the Press*, 489 U.S. 749, 773 (1989).  Official information that sheds light on an agency's performance of its statutory duties falls squarely within that purpose.  *Id.*

Under FOIA, an agency is obligated to release "any reasonably segregable portion of a record . . . after deletion of the portions which are exempt" and/or explain why no segregable material can be release.  5 U.S.C. § 552(b); *Mead Data Cent., Inc. v. Dep't of Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977).  "An item of exempt information does not insulate from disclosure the entire file in which it is contained, or even the entire page on which it appears." *Arieff v. Dep't of Navy*, 712 F.2d 1462, 1466 (D.C. Cir. 1983).  This "segregability requirement applies to all documents and all exemptions in the FOIA."  *Krikorian v. Dep't of State*, 984 F.2d 461 (D.C. Cir. 1993) (citation and internal quotation marks omitted).

Exemption 6 and Exemption 7(C) both protect materials related to alleged privacy interests.  *See* 5 U.S.C. § 552(b)(6) (protecting "personnel and medical files and similar files the disclosures of which would constitute a clearly unwarranted invasion of personal privacy"); *see also id.* § 552(b)(7)(C) (protecting "records or information compiled for law enforcement purposes . . . [that] could reasonably be expected to constitute an unwarranted invasion of personal privacy").  The provisions constitute a balancing between the privacy interest in the information sought and the public interest in disclosure.  *Assoc. Press v. Dep't of Defense*, 554 F.3d 274, 291 (2d Cir. 2009) (citing *Dep't of Defense v. Rose*, 425 U.S. 352, 372 (1976)).  Importantly, the "clearly unwarranted . . . requirement instructs that "the balance" must "tilt . . . in favor of disclosure."  *Morley v. C.I.A.*, 508 F.3d 1108, 1127 (D.C. Cir. 2007).  Indeed, in the

Director, Office of Information Policy (OIP)
United States Department of Justice
April 3, 2023
Page 3

context of information withheld under these exemptions, "the presumption in favor of disclosure is as strong as can be found anywhere in the Act." *Nat'l Ass'n of Home Builders v. Norton*, 309 F.3d 26, 32 (D.D.C. Cir. 2002) (quoting *Wash. Post v. Dep't of Health & Human Servs.*, 690 F.2d 252, 261 (D.C. Cir. 1982)).

For Exemptions 6 and 7(C) to apply, the threat to personal privacy interests must be "more palpable than mere possibilities." *Rose*, 425 U.S. at 380 n.19. Further, FOIA's personal privacy exemptions contemplate disclosures "of 'an intimate personal nature' such as marital status, legitimacy of children, identity of fathers of children, medical condition, welfare payments, alcoholic consumption, family fights, and [personal] reputation." *Wash. Post Co. v. U.S. Dep't of Justice*, 863 F.2d 96, 100 (1988); *see also U.S. Dep't of State v. Ray*, 502 U.S. 164, 176 n.12 (1991) (holding that the disclosure of names and other identifying information is not "inherently and always a significant threat" to the personal privacy of the named individuals); S. Rep. No. 89-813, at 9 (1965) (indicating that Exemption 6 is designed to protect "an individual's *private* affairs from unnecessary public scrutiny") (emphasis added).

When relying on these exemptions to sustain nondisclosure, the agency must specify how the withheld or redacted records would constitute an unwarranted invasion of privacy if released. Here, the DOJ has not attempted to do so. The DOJ instead refuses to acknowledge the existence of records or identify whether any records have been withheld, leaving Mr. Block to guess at the exact privacy interest at issue. This is particularly salient here because Mr. Block seeks records relating to consulting services that Mr. Mitts provided to the DOJ and that Mr. Mitts publicly advertises online.[2] Mr. Block strains to understand what privacy interests are implicated in these records. The DOJ's response is an insufficient articulation of the threat to privacy interests. The failure to identify or release these records would be incompatible with the purpose of FOIA to promote openness in government and ensure informed citizens.

The DOJ should release the withheld or redacted portions of these records or, at a minimum, provide detailed explanations for their withholdings.

### C.    Conclusion

To the extent the DOJ does not release these records, Mr. Block is prepared to fully pursue his right of access to these documents through litigation. We hope that such action will not be necessary.

---

[2] In his public resume, Mr. Mitts states that "[h]e has extensive experience supporting the U.S. Department of Justice." *See* https://www.law.columbia.edu/sites/default/files/2020-08/joshua-mitts-cv_august_2020.pdf.

Director, Office of Information Policy (OIP)
United States Department of Justice
April 3, 2023
Page 4


        Please do not hesitate to contact us if you have any questions about this appeal.  Thank
you for your attention in this matter.



                        Sincerely,

                        Davis Wright Tremaine LLP



                        Thomas R. Burke

# EXHIBIT A



Suite 800
505 Montgomery Street
San Francisco, CA  94111-6533

**Thomas R. Burke**
(415) 276-6552 tel
(415) 276-6599 fax

thomasburke@dwt.com

May 13, 2022

***Sent via electronic mail***
*MRUFOIA.Requests@usdoj.gov*

U.S. Attorney's Office, Criminal Division
Central District of California
c/o Kevin Krebs, Assistant Director, FOIA/Privacy Unit
Executive Office for United States Attorneys
175 N Street, NE, Suite 5.400
Washington, DC 20530-0001

Re:      Freedom of Information Act Request

Dear Sir/Madam:

Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, on behalf of our client Carson C. Block, we request access to the following documents:

- All email correspondence sent to, from or copied between any DOJ email addresses used within the Criminal Division of the Justice Department, including but not limited to correspondence sent to, from or copied between the U.S. Attorney's Office for the Central District of California, Criminal Division, and any of the following:  Marc Cohodes, Joshua Mitts, Marlon Paz, or M. Analytics, or anyone using the domain "@mofo.com" from January 1, 2018, to the present.

- Any documents or communications, including but not limited to correspondence, email, contracts, and invoices, relating to consulting services provided by Joshua Mitts and/or M. Analytics from January 1, 2018 to the present.

Our client is willing and able to pay any applicable fees associated with this request but we request notification if such fees exceed $500. If a portion of the information we have requested is exempt from disclosure by express provisions of law, 5 U.S.C. § 552(b) requires segregation and deletion of that material so the remainder of the information can be released.  If you determine an express provision of law exempts from disclosure all or a portion of the material we have requested, 5 U.S.C. § 552(a)(6)(A)(i) requires notification to us of the reasons for the determination not later than 20 days from your receipt of this request.

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

Kevin Krebs, Assistant Director, FOIA/Privacy Unit
Executive Office for United States Attorneys
May 13, 2022
Page 2


   **Please be advised that our client retracts its initial FOIA requests, sent on April 6, 2022 (Request No. EOUSA-2022-001622; DOJ Tracking No. EMRUFOIA040622-2), and May 6, 2022 (Response not yet received; Request/Tracking No. not yet issued.).**

   Thank you for your prompt attention to this request, and we look forward to a response within the statutory 20-day period.

Sincerely,

Davis Wright Tremaine LLP


Thomas R. Burke

# EXHIBIT B



**U.S. Department of Justice**

Criminal Division

---

*Office of Enforcement Operations*                    *Washington, D.C. 20530*

**VIA Electronic Mail**                               January 17, 2023

Thomas Burke, Esquire
Davis Wright Tremaine LLP
Suite 800
505 Montgomery Street                    Request No. CRM-301760741
San Francisco, CA  94111                 Subject: Marlon Paz, Marc Cohodes, Joshua
thomasburke@dwt.com                                Mitts, and related topics

Dear Mr. Burke:

The Criminal Division acknowledges receipt of your Freedom of Information Act request
dated May 13, 2022. Your request was received in this Office on October 13, 2022. In that
request, you asked for access to records concerning the above-mentioned subject. Your request
has been assigned file number CRM-301760741. You should refer to this number in any future
correspondence with this Office.

This is in response to your request for records regarding Marlon Paz, Marc Cohodes,
Joshua Mitts, and related topics. Please be advised that I have decided to neither confirm nor
deny the existence of such records pursuant to Exemptions 6 and 7(C) of the FOIA. 5 U.S.C. §
552(b)(6), (7)(C). Even to acknowledge the existence of law enforcement records regarding
another individual could reasonably be expected to constitute an unwarranted invasion of
personal privacy. This is our standard response to such requests and should not be taken to mean
that records do, or do not, exist. Accordingly, I cannot confirm nor deny the existence of records
responsive to your request.

For your information, Congress excluded three discrete categories of law enforcement
and national security records from the requirements of the FOIA. See 5 U.S.C. § 552(c). This
response is limited to those records that are subject to the requirements of the FOIA. This is a
standard notification that is given to all requesters and should not be taken as an indication that
excluded records do, or do not, exist.

You may contact our FOIA Public Liaison at the (202) 616-0307 for any further
assistance and to discuss any aspect of your request. Additionally, you may contact the Office of
Government Information Services (OGIS) at the National Archives and Records Administration
to inquire about the FOIA mediation services they offer. The contact information for OGIS is as
follows: Office of Government Information Services, National Archives and Records
Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001, e-mail at
ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-
5769.

2

     If you are not satisfied with the Criminal Division's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account on the following website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.  Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Christina Butler
Chief
FOIA/PA Unit

# EXHIBIT P



**U.S. Department of Justice**
Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

April 10, 2023

thomasburke@dwt.com

Dear Thomas Burke:

This is to advise you that the Office of Information Policy of the U.S. Department of Justice received your administrative appeal from the action of the  Criminal Division  regarding Request No. CRM-301760741 on 04/04/2023.

In an attempt to afford each appellant equal and impartial treatment, OIP has adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number A-2023-01029.  Please refer to this number in any future communication with OIP regarding this matter.  Please note that if you provided an email address or another electronic means of communication with your request or appeal, this Office may respond to your appeal electronically even if you submitted your appeal to this Office via regular U.S. Mail.

We will notify you of the decision on your appeal as soon as we can.  If you have any questions about the status of your appeal, you may contact me at (202) 514-3642.  If you have submitted your appeal through Freedom of Information Act STAR, you may also check the status of your appeal by logging into your account.

Sincerely,

*Priscilla Jones*

Priscilla Jones
Supervisory Administrative Specialist

# EXHIBIT Q



**U.S. Department of Justice**
Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

Thomas Burke, Esq.                                    September 11, 2023
23rd Floor
50 California Street                          Re:   Appeal No. A-2023-01029
San Francisco, CA 94111                             Request No. CRM-301760741
thomasburke@dwt.com

**VIA: U.S. Mail**

Dear Thomas Burke:

You appealed on behalf of your client, Carson C. Block, from the action of the Criminal Division of the United States Department of Justice on your client's Freedom of Information Act (FOIA) request for access to records concerning "Marc Cohodes, Joshua Mitts, Marlon Paz, or M. Analytics, or anyone using the domain "@mofo.com" from January 1, 2018, to the present" and "correspondence, email, contracts, and invoices, relating to consulting services provided by Joshua Mitts and/or M. Analytics from January I, 2018 to the present."

After carefully considering your appeal, I am affirming, on partly modified grounds, Criminal Division's action on your client's request. Criminal Division properly refused to confirm or deny the existence of records responsive to your client's request pertaining to Marc Cohodes, Joshua Mitts, Marlon Paz, and M. Analytics. Confirming or denying the existence of such records, including law enforcement records, concerning a third-party individual would constitute a clearly unwarranted invasion of personal privacy, and could reasonably be expected to constitute an unwarranted invasion of personal privacy. See 5 U.S.C. § 552(b)(6), (7)(C). Additionally, it is reasonably foreseeable that confirming or denying the existence of such records would harm the interests protected by these exemptions. See, e.g., People for the Ethical Treatment of Animals v. NIH, 745 F.3d 535, 544 (D.C. Cir. 2014) (upholding agency's refusal to confirm or deny existence of records that would confirm whether investigation of third party had occurred); see also Antonelli v. FBI, 721 F.2d 615, 618 (7th Cir. 1983) (finding that confirming whether third party has been the subject of investigation would likely "constitute an invasion of that persons privacy that implicates the protections of Exemptions 6 and 7").

As to the portion of your client's request seeking records pertaining to correspondence to or from "anyone using the domain '@mofo.com' from January 1, 2018 to the present," a proper FOIA request for records must reasonably describe the records sought. See 5 U.S.C.

§ 552(a)(3)(A); see also 28 C.F.R. § 16.3(b) (2022).  This portion of your client's request is not reasonably described because your client did not characterize the records sought in such a way that they could be located without searching the emails of every current Criminal Division employee, as well as all departed employees, for a five year time period.  Courts have consistently held that the FOIA does not require agencies to conduct "unreasonably burdensome" searches for records.  See, e.g., Nation Magazine v. U.S. Customs Serv., 71 F.3d 885, 892 (D.C. Cir. 1995).  To the extent that your client can articulate a less burdensome request, we invite them to submit another FOIA request directly to the Criminal Division.

Please be advised that this Office's decision was made only after a full review of this matter.  Your appeal was assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeal, your client's underlying request, and the action of Criminal Division in response to your client's request.

If your client is dissatisfied with my action on your appeal, the FOIA permits your client to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation.  Using OGIS services does not affect your client's right to pursue litigation.  The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.  If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office and speak with the undersigned agency official by calling 202-514-3642.

Sincerely,

*Matthew Hurd*

X _____

Matthew Hurd
Chief, Administrative Appeals Staff

# EXHIBIT R



23rd Floor
50 California Street
San Francisco, CA 94111

**Thomas R. Burke**
415.276.6552 tel
415.276.6599 fax

thomasburke@dwt.com

October 26, 2023

***Sent via Federal Express & FOIA STAR Portal***

Director, Office of Information Policy (OIP)
United States Department of Justice
441 G Street, NW, 6th Floor
Washington, D.C., 20530

Re:   **Freedom of Information Act Appeal**
      **FOIA Request No. CRM-301961545**

Dear Sir or Madam:

    This law firm represents Carson Block in connection with the above-referenced Freedom of Information Act ("FOIA") request to the Department of Justice (the "DOJ"). I am writing to appeal the DOJ's response and determination under FOIA of Mr. Block's June 7, 2023 FOIA Request.[1] Exs. A, B.

    **A.**    **Background**

    On June 7, 2023, Mr. Block submitted a FOIA request seeking the following documents:

1.  All email correspondence sent to, from or copied between any DOJ email address used within the Criminal Division of the Justice Department and any of the following: Manual Abascal (manny.abascal@lw.com), Marlon Paz (marlon.paz@lw.com, including any email addresses with the domains "@mayerbrown.com" or "@sewkis.com"), or Alex Wyman, or anyone using the domain "@lw.com," from January 1, 2018 to the present.

2.  All email correspondence sent to, from, or copied between any DOJ email address used within the Criminal Division of the Justice Department and any of the following: The Change Company, Steven A. Sugarman, Theodora Nickel, Jeff Seabold, Carlos Salas, Ted Ray, Angie Miranda, Mario De Tomasi, Adam Levine, Lindsay Valdeon, or anyone using the domain "@thechangecompany.com," from January 1, 2018 to the present.

---

[1] For ease of reference, Mr. Block's FOIA Request is attached as Exhibit A, and the DOJ's final response to that request is attached as Exhibit B.

Director, Office of Information Policy (OIP)
United States Department of Justice
October 26, 2023
Page 2

3. All visitor logs related to or identifying any of the following: Manual Abascal (alternatively, Manny Abascal), Marlon Paz, Alex Wyman, Steven A. Sugarman, Theodora Nickel, Jeff Seabold, Carlos Salas, Ted Ray, Angie Miranda, Mario De Tomasi, Adam Levine, Lindsay Valdeon, from January 1, 2018 to the present.

On August 1, 2023, the DOJ sent a letter confirming that Mr. Block's request was received on June 8, 2028 and assigning tracking number CRM-301961545 (the "Response"). In its letter, the DOJ stated that it would "neither confirm nor deny the existence of such records pursuant to Exemptions 6 and 7(C) of the FOIA." Ex. B.

**B.      The DOJ Failed to Provide Any Meaningful Explanation for the Exemptions Claimed and Adopted An Overbroad View of FOIA Exemptions.**

Federal agencies bear the burden of justifying any exemptions under FOIA, *Campbell v. DOJ*, 164 F.3d 20, 30 (D.C. Cir. 1999), and "[c]onclusory and generalized" explanations are "unacceptable as a means of sustaining the burden of nondisclosure." *Nat'l Parks & Conserv. Ass'n v. Klepper*, 547 F.2d 673, 680 (D.C. Cir. 1976). The requirement that agencies provide meaningful explanation for withholding records that are presumed disclosable unless it fits within a specific FOIA exemption is critical, as "Congress enacted FOIA to promote a policy of broad disclosure of Government documents" and to "ensure an informed citizenry, vital to the functioning of a democratic society." *Center for Pub. Integrity v. Dep't of Energy*, 191 F. Supp. 2d 187, 189 (D.D.C. Cir. 2002) (citation and internal quotation marks omitted). In this regard, the "limited exceptions" in § 552(b) "do not obscure the basic policy that disclosure, not secrecy, is the dominant objective of" FOIA. *Dep't of the Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). This basic policy "focuses on the citizens' right to be informed about 'what their government is up to.'" *Dep't of Justice v. Reporters Comm. For Freedom of the Press*, 489 U.S. 749, 773 (1989). Official information that sheds light on an agency's performance of its statutory duties falls squarely within that purpose. *Id.*

Under FOIA, an agency is obligated to release "any reasonably segregable portion of a record . . . after deletion of the portions which are exempt" and/or explain why no segregable material can be release. 5 U.S.C. § 552(b); *Mead Data Cent., Inc. v. Dep't of Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977). "An item of exempt information does not insulate from disclosure the entire file in which it is contained, or even the entire page on which it appears." *Arieff v. Dep't of Navy*, 712 F.2d 1462, 1466 (D.C. Cir. 1983). This "segregability requirement applies to all documents and all exemptions in the FOIA." *Krikorian v. Dep't of State*, 984 F.2d 461 (D.C. Cir. 1993) (citation and internal quotation marks omitted).

Exemption 6 and Exemption 7(C) both protect materials related to alleged privacy interests. *See* 5 U.S.C. § 552(b)(6) (protecting "personnel and medical files and similar files the

Director, Office of Information Policy (OIP)
United States Department of Justice
October 26, 2023
Page 3

disclosures of which would constitute a clearly unwarranted invasion of personal privacy"); *see also id.* § 552(b)(7)(C) (protecting "records or information compiled for law enforcement purposes . . . [that] could reasonably be expected to constitute an unwarranted invasion of personal privacy"). The provisions constitute a balancing between the privacy interest in the information sought and the public interest in disclosure. *Assoc. Press v. Dep't of Defense*, 554 F.3d 274, 291 (2d Cir. 2009) (citing *Dep't of Defense v. Rose*, 425 U.S. 352, 372 (1976)). Importantly, the "clearly unwarranted . . . requirement instructs that "the balance" must "tilt . . . in favor of disclosure." *Morley v. C.I.A.*, 508 F.3d 1108, 1127 (D.C. Cir. 2007). Indeed, in the context of information withheld under these exemptions, "the presumption in favor of disclosure is as strong as can be found anywhere in the Act." *Nat'l Ass'n of Home Builders v. Norton*, 309 F.3d 26, 32 (D.D.C. Cir. 2002) (quoting *Wash. Post v. Dep't of Health & Human Servs.*, 690 F.2d 252, 261 (D.C. Cir. 1982)).

For Exemptions 6 and 7(C) to apply, the threat to personal privacy interests must be "more palpable than mere possibilities." *Rose*, 425 U.S. at 380 n.19. Further, FOIA's personal privacy exemptions contemplate disclosures "of 'an intimate personal nature' such as marital status, legitimacy of children, identity of fathers of children, medical condition, welfare payments, alcoholic consumption, family fights, and [personal] reputation." *Wash. Post Co. v. U.S. Dep't of Justice*, 863 F.2d 96, 100 (1988); *see also U.S. Dep't of State v. Ray*, 502 U.S. 164, 176 n.12 (1991) (holding that the disclosure of names and other identifying information is not "inherently and always a significant threat" to the personal privacy of the named individuals); S. Rep. No. 89-813, at 9 (1965) (indicating that Exemption 6 is designed to protect "an individual's *private* affairs from unnecessary public scrutiny") (emphasis added).

When relying on these exemptions to sustain nondisclosure, the agency must specify how the withheld or redacted records would constitute an unwarranted invasion of privacy if released. Here, the DOJ has not attempted to do so. The DOJ instead refuses to acknowledge the existence of records or identify whether any records have been withheld, leaving Mr. Block to guess at the exact privacy interest at issue. Mr. Block strains to understand what privacy interests are implicated in these records and the DOJ's response is an insufficient articulation of the threat to any privacy interests. The failure to identify or release these records would be incompatible with the purpose of FOIA to promote openness in government and ensure informed citizens.

Respectfully, the DOJ should release the withheld or redacted portions of these records or, at a minimum, provide detailed explanations for their withholdings.

Director, Office of Information Policy (OIP)
United States Department of Justice
October 26, 2023
Page 4


   Please do not hesitate to contact us if you have any questions about this appeal.  Thank you for your attention in this matter.


     Sincerely,

     Davis Wright Tremaine LLP


     Thomas R. Burke


cc:  Megan C. Amaris, meganamaris@dwt.com

# EXHIBIT A



23rd Floor
50 California Street
San Francisco, CA  94111

**Thomas R. Burke**
415.276.6552 tel
415.276.6599 fax

thomasburke@dwt.com

June 7, 2023

***Sent via electronic mail***
*crm.foia@usdoj.gov*
*MRUFOIA.REQUESTS@usdoj.gov*

Christina Butler, Acting Chief, FOIA/PA Unit
U.S. Department of Justice, Criminal Division
Keeney Building 950 Pennsylvania Avenue, N.W.
Room 803
Washington, DC 20530-0001

  Re:  **Freedom of Information Act Request**

Dear Sir/Madam:

   Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, on behalf of our client Carson C. Block, we request access to the following documents:

   •  All email correspondence sent to, from, or copied between any DOJ email address used within the Criminal Division of the Justice Department and any of the following: Manual Abascal (manny.abascal@lw.com), Marlon Paz (marlon.paz@lw.com, including any email addresses with the domains "@mayerbrown.com" or "@sewkis.com"), or Alex Wyman, or anyone using the domain "@lw.com," from January 1, 2018 to the present.

   •  All email correspondence sent to, from, or copied between any DOJ email address used within the Criminal Division of the Justice Department and any of the following: The Change Company, Steven A. Sugarman, Theodora Nickel, Jeff Seabold, Carlos Salas, Ted Ray, Angie Miranda, Mario De Tomasi, Adam Levine, Lindsay Valdeon, or anyone using the domain "@thechangecompany.com," from January 1, 2018 to the present.

   •  All visitor logs related to or identifying any of the following:  Manual Abascal (alternatively, Manny Abascal), Marlon Paz, Alex Wyman, Steven A. Sugarman, Theodora Nickel, Jeff Seabold, Carlos Salas, Ted Ray, Angie Miranda, Mario De Tomasi, Adam Levine, Lindsay Valdeon, from January 1, 2018 to the present.

   Our client is willing and able to pay any applicable fees associated with this request, but we request notification if such fees exceed $500.  If a portion of the information we have requested is exempt from disclosure by express provisions of law, 5 U.S.C. § 552(b) requires segregation and deletion of that material so the remainder of the information can be released.  If

Christina Butler, Acting Chief, FOIA/PA Unit
U.S. Department of Justice, Criminal Division
June 7, 2023
Page 2

you determine an express provision of law exempts from disclosure all or a portion of the material we have requested, 5 U.S.C. § 552(a)(g)(A)(i) requires notification to us of the reasons for the determination not later than 20 days from your receipt of this request.

Thank you for your prompt attention to this request.  We look forward to a response within the statutory 20-day period.


Sincerely,

Davis Wright Tremaine LLP

Thomas R. Burke


cc:      Megan C. Amaris, meganamaris@dwt.com

# EXHIBIT B



**U.S. Department of Justice**

Criminal Division

---

*Office of Enforcement Operations*                    *Washington, D.C. 20530*

**VIA Electronic Mail**                               August 1, 2023

Mr. Thomas R. Burke
23ʳᵈ Floor
50 California Street
San Francisco, CA 94111
thomasburke@dwt.com                    Request No. CRM-301961545

Dear Mr. Burke:

    The Criminal Division acknowledges receipt of your Freedom of Information
Act/Privacy Act (FOIA/PA) request dated June 7, 2023. Your request was received in this Office
on June 8, 2023. In that request, you asked for access to records concerning the below-mentioned
subject. Your request has been assigned file number CRM-301961545. You should refer to this
number in any future correspondence with this Office.

    This is in response to your request for records on Manual Abascal (Manny Abascal),
Marlon Paz, Alex Wyman, Steven A. Sugarman, Theodora Nickel, Jeff Seabold, Carlos Salas,
Ted Ray, Angie Miranda, Mario De Tomasi, Adam Levine, Lindsay Valdeon, and The Change
Company, @thechangecompany.com, @mayerbrown.com, @sewkis.com, or @lw.com, which
are related to the individuals named in the request. Please be advised that I have decided to
neither confirm nor deny the existence of such records pursuant to Exemptions 6 and 7(C) of the
FOIA. 5 U.S.C. § 552(b)(6), (7)(C). Even to acknowledge the existence of law enforcement
records on another individual could reasonably be expected to constitute an unwarranted
invasion of personal privacy. This is our standard response to such requests and should not be
taken to mean that records do, or do not, exist. Accordingly, I cannot confirm nor deny the
existence of records responsive to your request.

    For your information, Congress excluded three discrete categories of law enforcement
and national security records from the requirements of the FOIA. See 5 U.S.C. § 552(c). This
response is limited to those records that are subject to the requirements of the FOIA. This is a
standard notification that is given to all requesters and should not be taken as an indication that
excluded records do, or do not, exist.

    You may contact our FOIA Public Liaison at the (202) 616-0307 for any further
assistance and to discuss any aspect of your request. Additionally, you may contact the Office of
Government Information Services (OGIS) at the National Archives and Records Administration
to inquire about the FOIA mediation services they offer. The contact information for OGIS is as
follows: Office of Government Information Services, National Archives and Records
Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001, e-mail at

ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

 If you are not satisfied with the Criminal Division's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account on the following website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.  Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Christina Butler
Chief
FOIA/PA Unit

# EXHIBIT S



**U.S. Department of Justice**

Criminal Division

_____

*Office of Enforcement Operations*                    *Washington, D.C. 20530*

**VIA Electronic Mail**                               August 1, 2023

Mr. Thomas R. Burke
23rd Floor
50 California Street
San Francisco, CA 94111
thomasburke@dwt.com                    Request No. CRM-301961545

Dear Mr. Burke:

The Criminal Division acknowledges receipt of your Freedom of Information
Act/Privacy Act (FOIA/PA) request dated June 7, 2023. Your request was received in this Office
on June 8, 2023. In that request, you asked for access to records concerning the below-mentioned
subject. Your request has been assigned file number CRM-301961545. You should refer to this
number in any future correspondence with this Office.

This is in response to your request for records on Manual Abascal (Manny Abascal),
Marlon Paz, Alex Wyman, Steven A. Sugarman, Theodora Nickel, Jeff Seabold, Carlos Salas,
Ted Ray, Angie Miranda, Mario De Tomasi, Adam Levine, Lindsay Valdeon, and The Change
Company, @thechangecompany.com, @mayerbrown.com, @sewkis.com, or @lw.com, which
are related to the individuals named in the request. Please be advised that I have decided to
neither confirm nor deny the existence of such records pursuant to Exemptions 6 and 7(C) of the
FOIA. 5 U.S.C. § 552(b)(6), (7)(C). Even to acknowledge the existence of law enforcement
records on another individual could reasonably be expected to constitute an unwarranted
invasion of personal privacy. This is our standard response to such requests and should not be
taken to mean that records do, or do not, exist. Accordingly, I cannot confirm nor deny the
existence of records responsive to your request.

For your information, Congress excluded three discrete categories of law enforcement
and national security records from the requirements of the FOIA. See 5 U.S.C. § 552(c). This
response is limited to those records that are subject to the requirements of the FOIA. This is a
standard notification that is given to all requesters and should not be taken as an indication that
excluded records do, or do not, exist.

You may contact our FOIA Public Liaison at the (202) 616-0307 for any further
assistance and to discuss any aspect of your request. Additionally, you may contact the Office of
Government Information Services (OGIS) at the National Archives and Records Administration
to inquire about the FOIA mediation services they offer. The contact information for OGIS is as
follows: Office of Government Information Services, National Archives and Records
Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001, e-mail at

2

ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

　　　　If you are not satisfied with the Criminal Division's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account on the following website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.  Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

　　　　　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　　　　　Christina Butler
　　　　　　　　　　　　　　　　Chief
　　　　　　　　　　　　　　　　FOIA/PA Unit

# EXHIBIT T



**Davis Wright Tremaine** LLP

23rd Floor
50 California Street
San Francisco, CA 94111

**Thomas R. Burke**
415.276.6552 tel
415.276.6599 fax

thomasburke@dwt.com

October 26, 2023

***Sent via Federal Express & FOIA STAR Portal***

Director, Office of Information Policy (OIP)
United States Department of Justice
441 G Street, NW, 6th Floor
Washington, D.C., 20530

> Re:   **Freedom of Information Act Appeal
> FOIA Request No. CRM-301961545**

Dear Sir or Madam:

This law firm represents Carson Block in connection with the above-referenced Freedom of Information Act ("FOIA") request to the Department of Justice (the "DOJ"). I am writing to appeal the DOJ's response and determination under FOIA of Mr. Block's June 7, 2023 FOIA Request.[1] Exs. A, B.

**A.      Background**

On June 7, 2023, Mr. Block submitted a FOIA request seeking the following documents:

1.   All email correspondence sent to, from or copied between any DOJ email address used within the Criminal Division of the Justice Department and any of the following: Manual Abascal (manny.abascal@lw.com), Marlon Paz (marlon.paz@lw.com, including any email addresses with the domains "@mayerbrown.com" or "@sewkis.com"), or Alex Wyman, or anyone using the domain "@lw.com," from January 1, 2018 to the present.

2.   All email correspondence sent to, from, or copied between any DOJ email address used within the Criminal Division of the Justice Department and any of the following: The Change Company, Steven A. Sugarman, Theodora Nickel, Jeff Seabold, Carlos Salas, Ted Ray, Angie Miranda, Mario De Tomasi, Adam Levine, Lindsay Valdeon, or anyone using the domain "@thechangecompany.com," from January 1, 2018 to the present.

---

[1] For ease of reference, Mr. Block's FOIA Request is attached as Exhibit A, and the DOJ's final response to that request is attached as Exhibit B.

Director, Office of Information Policy (OIP)
United States Department of Justice
October 26, 2023
Page 2

3. All visitor logs related to or identifying any of the following: Manual Abascal (alternatively, Manny Abascal), Marlon Paz, Alex Wyman, Steven A. Sugarman, Theodora Nickel, Jeff Seabold, Carlos Salas, Ted Ray, Angie Miranda, Mario De Tomasi, Adam Levine, Lindsay Valdeon, from January 1, 2018 to the present.

On August 1, 2023, the DOJ sent a letter confirming that Mr. Block's request was received on June 8, 2028 and assigning tracking number CRM-301961545 (the "Response"). In its letter, the DOJ stated that it would "neither confirm nor deny the existence of such records pursuant to Exemptions 6 and 7(C) of the FOIA." Ex. B.

**B.      The DOJ Failed to Provide Any Meaningful Explanation for the Exemptions Claimed and Adopted An Overbroad View of FOIA Exemptions.**

Federal agencies bear the burden of justifying any exemptions under FOIA, *Campbell v. DOJ*, 164 F.3d 20, 30 (D.C. Cir. 1999), and "[c]onclusory and generalized" explanations are "unacceptable as a means of sustaining the burden of nondisclosure." *Nat'l Parks & Conserv. Ass'n v. Klepper*, 547 F.2d 673, 680 (D.C. Cir. 1976). The requirement that agencies provide meaningful explanation for withholding records that are presumed disclosable unless it fits within a specific FOIA exemption is critical, as "Congress enacted FOIA to promote a policy of broad disclosure of Government documents" and to "ensure an informed citizenry, vital to the functioning of a democratic society." *Center for Pub. Integrity v. Dep't of Energy*, 191 F. Supp. 2d 187, 189 (D.D.C. Cir. 2002) (citation and internal quotation marks omitted). In this regard, the "limited exceptions" in § 552(b) "do not obscure the basic policy that disclosure, not secrecy, is the dominant objective of" FOIA. *Dep't of the Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). This basic policy "focuses on the citizens' right to be informed about 'what their government is up to.'" *Dep't of Justice v. Reporters Comm. For Freedom of the Press*, 489 U.S. 749, 773 (1989). Official information that sheds light on an agency's performance of its statutory duties falls squarely within that purpose. *Id.*

Under FOIA, an agency is obligated to release "any reasonably segregable portion of a record . . . after deletion of the portions which are exempt" and/or explain why no segregable material can be release. 5 U.S.C. § 552(b); *Mead Data Cent., Inc. v. Dep't of Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977). "An item of exempt information does not insulate from disclosure the entire file in which it is contained, or even the entire page on which it appears." *Arieff v. Dep't of Navy*, 712 F.2d 1462, 1466 (D.C. Cir. 1983). This "segregability requirement applies to all documents and all exemptions in the FOIA." *Krikorian v. Dep't of State*, 984 F.2d 461 (D.C. Cir. 1993) (citation and internal quotation marks omitted).

Exemption 6 and Exemption 7(C) both protect materials related to alleged privacy interests. *See* 5 U.S.C. § 552(b)(6) (protecting "personnel and medical files and similar files the

Director, Office of Information Policy (OIP)
United States Department of Justice
October 26, 2023
Page 3

disclosures of which would constitute a clearly unwarranted invasion of personal privacy"); *see also id.* § 552(b)(7)(C) (protecting "records or information compiled for law enforcement purposes . . . [that] could reasonably be expected to constitute an unwarranted invasion of personal privacy"). The provisions constitute a balancing between the privacy interest in the information sought and the public interest in disclosure. *Assoc. Press v. Dep't of Defense*, 554 F.3d 274, 291 (2d Cir. 2009) (citing *Dep't of Defense v. Rose*, 425 U.S. 352, 372 (1976)). Importantly, the "clearly unwarranted . . . requirement instructs that "the balance" must "tilt . . . in favor of disclosure." *Morley v. C.I.A.*, 508 F.3d 1108, 1127 (D.C. Cir. 2007). Indeed, in the context of information withheld under these exemptions, "the presumption in favor of disclosure is as strong as can be found anywhere in the Act." *Nat'l Ass'n of Home Builders v. Norton*, 309 F.3d 26, 32 (D.D.C. Cir. 2002) (quoting *Wash. Post v. Dep't of Health & Human Servs.*, 690 F.2d 252, 261 (D.C. Cir. 1982)).

For Exemptions 6 and 7(C) to apply, the threat to personal privacy interests must be "more palpable than mere possibilities." *Rose*, 425 U.S. at 380 n.19. Further, FOIA's personal privacy exemptions contemplate disclosures "of 'an intimate personal nature' such as marital status, legitimacy of children, identity of fathers of children, medical condition, welfare payments, alcoholic consumption, family fights, and [personal] reputation." *Wash. Post Co. v. U.S. Dep't of Justice*, 863 F.2d 96, 100 (1988); *see also U.S. Dep't of State v. Ray*, 502 U.S. 164, 176 n.12 (1991) (holding that the disclosure of names and other identifying information is not "inherently and always a significant threat" to the personal privacy of the named individuals); S. Rep. No. 89-813, at 9 (1965) (indicating that Exemption 6 is designed to protect "an individual's *private* affairs from unnecessary public scrutiny") (emphasis added).

When relying on these exemptions to sustain nondisclosure, the agency must specify how the withheld or redacted records would constitute an unwarranted invasion of privacy if released. Here, the DOJ has not attempted to do so. The DOJ instead refuses to acknowledge the existence of records or identify whether any records have been withheld, leaving Mr. Block to guess at the exact privacy interest at issue. Mr. Block strains to understand what privacy interests are implicated in these records and the DOJ's response is an insufficient articulation of the threat to any privacy interests. The failure to identify or release these records would be incompatible with the purpose of FOIA to promote openness in government and ensure informed citizens.

Respectfully, the DOJ should release the withheld or redacted portions of these records or, at a minimum, provide detailed explanations for their withholdings.

Director, Office of Information Policy (OIP)
United States Department of Justice
October 26, 2023
Page 4


      Please do not hesitate to contact us if you have any questions about this appeal.  Thank you for your attention in this matter.



                  Sincerely,

                  Davis Wright Tremaine LLP


                  Thomas R. Burke


cc:      Megan C. Amaris, meganamaris@dwt.com

# EXHIBIT A



23rd Floor
50 California Street
San Francisco, CA  94111

**Thomas R. Burke**
415.276.6552 tel
415.276.6599 fax

thomasburke@dwt.com

June 7, 2023

**_Sent via electronic mail_**
*crm.foia@usdoj.gov*
*MRUFOIA.REQUESTS@usdoj.gov*

Christina Butler, Acting Chief, FOIA/PA Unit
U.S. Department of Justice, Criminal Division
Keeney Building 950 Pennsylvania Avenue, N.W.
Room 803
Washington, DC 20530-0001

      Re:    **Freedom of Information Act Request**

Dear Sir/Madam:

      Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, on behalf of our client Carson C. Block, we request access to the following documents:

      • All email correspondence sent to, from, or copied between any DOJ email address used within the Criminal Division of the Justice Department and any of the following: Manual Abascal (manny.abascal@lw.com), Marlon Paz (marlon.paz@lw.com, including any email addresses with the domains "@mayerbrown.com" or "@sewkis.com"), or Alex Wyman, or anyone using the domain "@lw.com," from January 1, 2018 to the present.

      • All email correspondence sent to, from, or copied between any DOJ email address used within the Criminal Division of the Justice Department and any of the following: The Change Company, Steven A. Sugarman, Theodora Nickel, Jeff Seabold, Carlos Salas, Ted Ray, Angie Miranda, Mario De Tomasi, Adam Levine, Lindsay Valdeon, or anyone using the domain "@thechangecompany.com," from January 1, 2018 to the present.

      • All visitor logs related to or identifying any of the following:  Manual Abascal (alternatively, Manny Abascal), Marlon Paz, Alex Wyman, Steven A. Sugarman, Theodora Nickel, Jeff Seabold, Carlos Salas, Ted Ray, Angie Miranda, Mario De Tomasi, Adam Levine, Lindsay Valdeon, from January 1, 2018 to the present.

      Our client is willing and able to pay any applicable fees associated with this request, but we request notification if such fees exceed $500.  If a portion of the information we have requested is exempt from disclosure by express provisions of law, 5 U.S.C. § 552(b) requires segregation and deletion of that material so the remainder of the information can be released.  If

Christina Butler, Acting Chief, FOIA/PA Unit
U.S. Department of Justice, Criminal Division
June 7, 2023
Page 2

you determine an express provision of law exempts from disclosure all or a portion of the
material we have requested, 5 U.S.C. § 552(a)(g)(A)(i) requires notification to us of the reasons
for the determination not later than 20 days from your receipt of this request.

   Thank you for your prompt attention to this request.  We look forward to a response
within the statutory 20-day period.

Sincerely,

Davis Wright Tremaine LLP

Thomas R. Burke

cc:    Megan C. Amaris, meganamaris@dwt.com

# EXHIBIT B



**U.S. Department of Justice**

Criminal Division

---

*Office of Enforcement Operations*                    *Washington, D.C. 20530*

**VIA Electronic Mail**                         August 1, 2023

Mr. Thomas R. Burke
23rd Floor
50 California Street
San Francisco, CA 94111
thomasburke@dwt.com                  Request No. CRM-301961545

Dear Mr. Burke:

    The Criminal Division acknowledges receipt of your Freedom of Information
Act/Privacy Act (FOIA/PA) request dated June 7, 2023. Your request was received in this Office
on June 8, 2023. In that request, you asked for access to records concerning the below-mentioned
subject. Your request has been assigned file number CRM-301961545. You should refer to this
number in any future correspondence with this Office.

    This is in response to your request for records on Manual Abascal (Manny Abascal),
Marlon Paz, Alex Wyman, Steven A. Sugarman, Theodora Nickel, Jeff Seabold, Carlos Salas,
Ted Ray, Angie Miranda, Mario De Tomasi, Adam Levine, Lindsay Valdeon, and The Change
Company, @thechangecompany.com, @mayerbrown.com, @sewkis.com, or @lw.com, which
are related to the individuals named in the request. Please be advised that I have decided to
neither confirm nor deny the existence of such records pursuant to Exemptions 6 and 7(C) of the
FOIA. 5 U.S.C. § 552(b)(6), (7)(C). Even to acknowledge the existence of law enforcement
records on another individual could reasonably be expected to constitute an unwarranted
invasion of personal privacy. This is our standard response to such requests and should not be
taken to mean that records do, or do not, exist. Accordingly, I cannot confirm nor deny the
existence of records responsive to your request.

    For your information, Congress excluded three discrete categories of law enforcement
and national security records from the requirements of the FOIA. See 5 U.S.C. § 552(c). This
response is limited to those records that are subject to the requirements of the FOIA. This is a
standard notification that is given to all requesters and should not be taken as an indication that
excluded records do, or do not, exist.

    You may contact our FOIA Public Liaison at the (202) 616-0307 for any further
assistance and to discuss any aspect of your request. Additionally, you may contact the Office of
Government Information Services (OGIS) at the National Archives and Records Administration
to inquire about the FOIA mediation services they offer. The contact information for OGIS is as
follows: Office of Government Information Services, National Archives and Records
Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001, e-mail at

2

ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

      If you are not satisfied with the Criminal Division's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account on the following website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.  Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Christina Butler
Chief
FOIA/PA Unit