## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **CARSON BLOCK,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **Civil Action No. 1:22-cv-1314-DAE** |
| | § | |
| **U.S. SECURITIES AND EXCHANGE** | § | |
| **COMMISSION and U.S. DEPARTMENT** | § | |
| **OF JUSTICE** | § | |
| | § | |
| *Defendants*. | § | |

## ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants the United States Securities and Exchange Commission ("SEC") and the United States Department of Justice ("Department" or "DOJ") file this Answer to Plaintiff's First Amended Complaint for Injunctive and Declaratory Relief (Dkt. 23).

### <u>Introduction</u>

1.      Defendants admit that this is a Freedom of Information Act, 5 U.S.C. § 552 *et seq*., as amended ("FOIA") action. The remainder of the allegations constitute legal conclusions to which no response is required.

2.       Defendant SEC admits that Plaintiff's FOIA Requests addressed to SEC sought access to certain SEC records. The Court is respectfully referred to the copies of those requests for a complete and accurate statement of their contents. Defendant SEC admits that they have not produced responsive documents, but Defendant SEC denies that they are improperly withholding responsive agency records, that they are in violation of, or have failed to comply with, their duties or obligations under FOIA, that their treatment of Plaintiff's FOIA Requests has been improper, or that they have acted or are acting in defiance of FOIA mandates. Defendant DOJ Criminal

Division admits that Plaintiff submitted FOIA requests dated May 13, 2022 and June 7, 2023. Defendant DOJ issued a final response determination letter to the May 13, 2022 request on January 17, 2023, and to the June 7, 2023 request on August 1, 2023. Each final response determination letter speaks for itself and is the best evidence of its contents. Defendant DOJ respectfully refers the Court to those letters. Defendant DOJ denies the remaining allegations in Paragraph 2.

3.      The allegations in Paragraph 3 constitute legal conclusions and argument to which no response is required. To the extent a response is required, Defendants deny that they are improperly withholding responsive agency records, that they are in violation of, or have failed to comply with, their duties or obligations under FOIA, that their treatment of Plaintiff's FOIA requests has been improper, or that they have acted or are acting in defiance of FOIA mandates.

4.      The allegations contained in Paragraph 4 constitute legal conclusions and argument, to which no response is required. The cited materials speak for themselves.

<u>**PARTIES**</u>

5.      Defendants lack knowledge or information sufficient to admit or deny the allegation contained in Paragraph 5.

6.      As to the allegations contained in the first sentence of Paragraph 6, Defendants admit that the SEC is "an agen[cy] of the federal government"; the remainder of the sentence constitutes a legal conclusion, to which no response is required. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in the second sentence of Paragraph 6.

7.      As to the allegations contained in the first sentence of Paragraph 7, Defendants admit that the DOJ is "an agen[cy] of the federal government"; the remainder of the sentence constitutes a legal conclusion, to which no response is required. Defendants lack knowledge or

information sufficient to admit or deny the allegations contained in the second sentence of Paragraph 7.

## JURISDICTION & VENUE

8.     The allegations contained in Paragraph 8 constitute legal conclusions relating to jurisdiction and venue, to which no response is required.

## FACTUAL ALLEGATIONS

9.     Defendant DOJ lacks knowledge or information sufficient to admit or deny the allegations in the "Factual Allegations" section related to Plaintiff's FOIA requests to SEC. Likewise, Defendant SEC lacks knowledge or information sufficient to admit or deny the allegations in the "Factual Allegations" section related to Plaintiff's FOIA requests to DOJ. Notwithstanding those limitations, Defendant SEC admits that Plaintiff submitted certain FOIA requests to it in May 2022 and June 2023, and Defendant DOJ admits that Plaintiff submitted certain FOIA requests in May 2022 and June 2023. The Court is respectfully referred to the copies of the requests for a complete and accurate statement of their contents. Defendant SEC admits that they have not produced responsive documents. Defendant SEC denies that bringing this cause of action was necessary to obtain the requested documents. Defendant DOJ issued final response determination letters to each FOIA request on January 17, 2023, and August 1, 2023. Each letter speaks for itself and is the best evidence of its contents. Defendant DOJ respectfully refers the Court to those determination letters.  DOJ denies the remaining allegations in this paragraph.

### May 13, 2022 SEC Request

10.     Defendant SEC admits that First Amended Complaint Exhibit A is a copy of a letter from Thomas R. Burke dated May 13, 2022, containing subject line "Freedom of Information Act Request" in which information was requested on behalf of Plaintiff (the "May 2022 SEC

Request"). Defendant SEC admits that Plaintiff's May 2022 SEC Request sought access to certain agency records. The Court is respectfully referred to a copy of that request for a complete and accurate statement of its contents.

11.     Defendant SEC admits that it responded to Plaintiff's May 2022 SEC Request, with the SEC's FOIA Office designating the categories of requested records as 22-01904-FOIA and 22-01905-FOIA. The second sentence of Paragraph 11 is a statement concerning the structure of the First Amended Complaint to which no response is required.

*SEC Request No. 22-01904-FOIA*

12.     Defendant SEC admits that it responded to Plaintiff's May 2022 FOIA Request by a letter dated May 16, 2022, and that it assigned one of Plaintiff's requests the tracking number 22-01904-FOIA (the "SEC Request 01904"). Defendant SEC admits that First Amended Complaint Exhibit B is a copy of Defendant SEC's response. The Court is respectfully referred to a copy of Defendant SEC's letter for a complete and accurate statement of its contents.

13.     Defendant SEC admits that on June 30, 2022, Warren E. Jackson, Lead Research Specialist in the SEC's Office of FOIA Services, sent an email to Thomas R. Burke, and that on the same day Mr. Burke sent a responsive email to Mr. Jackson. Defendant SEC admits that First Amended Complaint Exhibit C includes copies of Mr. Jackson's and Mr. Burke's emails. The Court is respectfully referred to the copies of their emails for a complete and accurate statement of their contents.

14.     Defendant SEC admits that on July 1, 2022, Carrie Hyde-Michaels, SEC FOIA Branch Chief, sent an email to Thomas R. Burke, and that on the same day Mr. Burke sent a responsive email to Ms. Hyde-Michaels. Defendant SEC admits that First Amended Complaint Exhibit C includes copies of Ms. Hyde-Michaels's and Mr. Burke's emails. The Court is

respectfully referred to the copies of their emails for a complete and accurate statement of their contents.

15.     Defendant SEC admits that First Amended Complaint Exhibit C includes copies of emails i) from Mr. Jackson to Mr. Burke, dated June 30, 2022; ii) from Mr. Burke to Mr. Jackson, dated June 30, 2022; iii) from Ms. Hyde-Michaels to Mr. Burke, dated July 1, 2022; and, iv) from Mr. Burke to Ms. Hyde-Michaels, dated July 1, 2022.

16.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 16.

17.     Defendant SEC admits the allegations in the first and second sentences of Paragraph 17, except the allegation that Mr. Mitts has been retained by companies to lobby the SEC, as the Defendants lack knowledge or information sufficient to admit or deny this allegation. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in the third, fourth, and fifth sentences of Paragraph 17. Defendants admit that they have not produced responsive records.

18.     Defendant SEC admits the first sentence of Paragraph 18. The allegations contained in the second sentence of Paragraph 18 constitute legal conclusions and argument, to which no response is required.

19.     Defendant SEC admits the allegations in Paragraph 19.

### *SEC Request No. 22-01905-FOIA*

20.     Defendant SEC admits that it responded to Plaintiff's FOIA Request by a letter dated May 16, 2022, and that it assigned one of Plaintiff's requests the tracking number 22-01905-FOIA (the "SEC Request 01905"). Defendant SEC admits that First Amended Complaint Exhibit

F is a copy of Defendant SEC's response. The Court is respectfully referred to a copy of Defendant SEC's letter for a complete and accurate statement of its contents.

21.     Defendant SEC admits that it sent a letter to Mr. Burke, dated June 1, 2022. Defendant SEC admits that First Amended Complaint Exhibit G is a copy of Defendant SEC's letter. The Court is respectfully referred to a copy of Defendant SEC's letter for a complete and accurate statement of its contents.

22.     As to the first sentence in Paragraph 22, Defendant SEC admits that Thomas R. Burke sent a letter to Defendant SEC dated August 26, 2022, containing subject line "Freedom of Information Act Administrative Appeal"; the remaining allegation in the first sentence constitutes a legal conclusion relating to the timeliness of an appeal, to which no response is required. Defendant SEC admits that First Amended Complaint Exhibit H is a copy of Mr. Burke's letter.

23.     Defendant SEC admits that it sent Mr. Burke a letter dated September 6, 2022, with subject line "Appeal, Freedom of Information Act Request No. 22-01905-FOIA, designated on appeal as No. 22-00540-APPS." Defendant SEC admits that First Amended Complaint Exhibit I is a copy of its letter. The Court is respectfully referred to a copy of Defendant's letter for a complete and accurate statement of its contents.

### June 7, 2023 SEC Request

24.     Defendant SEC admits that First Amended Complaint Exhibit J is a copy of a letter from Thomas R. Burke dated June 7, 2023, containing subject line "Freedom of Information Act Request" in which information was requested on behalf of Plaintiff (the "June 2023 SEC Request"). Defendant SEC admits that Plaintiff's June 2023 SEC Request sought access to certain agency records. The Court is respectfully referred to a copy of that request for a complete and accurate statement of its contents.

25.     Defendant SEC admits that it responded to Plaintiff's June 2023 SEC Request, with the SEC's FOIA Office designating the categories of records as 23-02497-FOIA, 23-02498-FOIA, and 23-02499-FOIA.

26.     Defendant SEC admits that it responded to Plaintiff's June 2023 FOIA Request by a letter dated June 8, 2023, and that it assigned one of Plaintiff's requests the tracking number 23-02498-FOIA (the "SEC Request 23-02498"). Defendant SEC admits that First Amended Complaint Exhibit K is a copy of Defendant SEC's response. The Court is respectfully referred to a copy of Defendant SEC's letter for a complete and accurate statement of its contents. Defendant SEC denies the allegation that Mr. Block acknowledged receipt of SEC Request 23-02498.

27.     Defendant SEC admits that on July 18, 2023, Joel Hansen, a staff member in the SEC's Office of FOIA Services, sent an email to Thomas R. Burke, and that on the same day Mr. Burke sent a responsive email to Mr. Hansen. Defendant SEC admits that First Amended Complaint Exhibit L includes copies of Mr. Hansen's and Mr. Burke's emails. The Court is respectfully referred to the copies of their emails for a complete and accurate statement of their contents.

28.     Defendant SEC denies that it has not had any further communications with Mr. Block regarding the June 2023 SEC Request.

29.     Defendant SEC admits the first sentence of Paragraph 29. The allegations contained in the second sentence of Paragraph 29 constitute legal conclusions and argument, to which no response is required.

### The DOJ Requests

### *DOJ Request No. CRM-301760741*

30.    Defendant DOJ admits that Plaintiff submitted a FOIA request dated May 13, 2022, (the "May 2022 DOJ Request"). Defendant DOJ admits that Plaintiff's May 2022 DOJ Request sought access to certain agency records. Defendant DOJ respectfully refers the Court to the referenced FOIA request for a full and accurate statement of the contents.

31.    Defendant DOJ admits that DOJ Criminal Division issued its final determination letter on January 17, 2023 in response to Plaintiff's May 2022 DOJ Request. Defendant DOJ respectfully refers the Court to the referenced letter for a full and accurate statement of the contents.

32.    Defendant DOJ admits Plaintiff administratively appealed in a letter dated April 3, 2023.

33.    Defendant DOJ admits that its Office of Information Policy acknowledged Plaintiff's April 3, 2023 appeal on April 10, 2023 and assigned it tracking number A-2023-01029.

34.    Defendant DOJ admits DOJ Office of Information Policy issued its appeal determination letter on September 11, 2023 in response to Plaintiff's April 3, 2023 appeal. Defendant DOJ respectfully refers the Court to the referenced letter for a full and accurate statement of the contents.

### *DOJ Request No. CRM-301961545*

35.    Defendant DOJ admits that Plaintiff submitted a FOIA request dated June 7, 2023 (the "June 2023 DOJ Request"). Defendant DOJ admits that Plaintiff's June 2023 DOJ Request sought access to certain agency records. Defendant DOJ respectfully refers the Court to the referenced FOIA request for a full and accurate statement of the contents.

36.     Defendant DOJ admits DOJ Criminal Division issued its final response determination letter on August 1, 2023 in response to Plaintiff's June 2023 DOJ Request. Defendant DOJ respectfully refers the Court to the referenced letter for a full and accurate statement of the contents.

37.     Defendant DOJ admits Plaintiff administratively appealed in a letter dated October 26, 2023.

38.     Defendant DOJ avers that on October 27, 2023, its Office of Information Policy acknowledged Plaintiff's October 26, 2023 appeal.

39.     Defendant DOJ lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 39.

## FIRST CAUSE OF ACTION

### (Violation of FOIA)

40.     Paragraph 40 of the Complaint incorporates by reference all of the allegations contained in Paragraphs 1 through 39 of the Complaint. In response to Paragraph 40, Defendants incorporate by reference their responses to Paragraphs 1 through 39 of this Answer, as though set forth in full.

41.     The allegations contained in Paragraph 41 constitute legal conclusions and argument, to which no response is required.

42.     The allegations contained in Paragraph 42 constitute legal conclusions and argument, to which no response is required. To the extent the Court requires a response to the allegations in the second sentence of Paragraph 42, each Defendant denies the allegations against it.

43.     The allegations contained in Paragraph 43 constitute legal conclusions and argument, to which no response is required. To the extent the Court requires a response, each Defendant denies the allegations against it.

44.     The allegations contained in Paragraph 44 constitute legal conclusions and argument, to which no response is required. To the extent the Court requires a response, each Defendant denies the allegations against it.

45.     The allegations contained in Paragraph 45 constitute legal conclusions and argument, to which no response is required. To the extent the Court requires a response, each Defendant denies the allegations against it.

46.     The allegations contained in Paragraph 46 constitute legal conclusions and argument, to which no response is required. To the extent the Court requires a response, each Defendant denies the allegations against it.

## PRAYER OF RELIEF

With respect to the allegations contained in the unnumbered Paragraph beginning 'WHEREFORE,' Defendants respond that the allegations constitute Plaintiff's prayer for relief, to which no response is required. However, to the extent a response is required by the Court, each Defendant denies the allegations against it.

Answering further, to the extent necessary, where not admitted, denied or qualified, each Defendant denies each and every remaining allegation against it contained in Plaintiff's Complaint. Any allegation against a Defendant not specifically admitted herein is denied.

## AFFIRMATIVE DEFENSES

1.     Plaintiff has failed to state a claim upon which relief may be granted.

2.      Defendants' actions did not violate FOIA or any other statutory or regulatory provision.

3.      "Exceptional circumstances" exist, within the meaning of 5 U.S.C. § 552(a)(6)(C), that prevented Defendant SEC from processing the FOIA requests at issue within the statutory timeframe.

4.      Defendant SEC is exercising due diligence in responding to the FOIA requests at issue.

5.      Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions of FOIA.

Therefore, Defendants respectfully request that this Court enter judgment in their favor on all claims and this Court award them litigation expenses allowable by law.


Dated: March 13, 2024                         Respectfully submitted,

                                              **JAIME ESPARZA**
                                              United States Attorney

                                               */s   Liane Noble*
                                              Liane Noble (TX Bar No. 24079059)
                                              Assistant United States Attorney
                                              Texas Bar No. 24079059
                                              903 San Jacinto Blvd., Ste. 334
                                              Austin, Texas 78701
                                              (512) 370-1252 (phone)
                                              Liane.Noble@usdoj.gov

                                              ***ATTORNEYS FOR DEFENDANTS***